THOMPSON & WIFE, Appellants, vs. LYON et al., Respondents.

1. An infant cannot execute a power of appointment coupled with an interest.
2. The disability of infancy cannot be dispensed with by the instrument creating the power.
3. Mere lapse of time, short of the period which would be a bar by the statute of limitations, will not prevent a court of equity from interfering to divest a legal title which has been conveyed by a trustee, by direction of an infant beneficiary exercising a power of appointment.
4. A court of equity, however, will not, in such a case, interfere against a purchaser for a valuable consideration without notice.

*Appeal from St. Louis Court of Common Pleas.*

The case is stated in the opinion of the court.

*Glover & Richardson* and *B. Bates*, for appellants, relied upon the following points: 1. An infant cannot execute a

power coupled with an interest, though it is otherwise with a naked power. (4 Kent, 316, 324. 1 Sug. on Powers, 213, (13 Law Lib. 114, 116.) Macpherson on Infancy, 39 Law Lib. 302. 3 Atk. 710. 1 Chance on Powers, 222, §587.) 2. Nor is the disability of infancy dispensed with in the present case, by the words used in the instrument creating the power. The remarks of Chance, in his work on Powers (§583,) and of Preston, in his treatise on Abstracts (p. 326) to the effect that the disability of infancy may be dispensed with, and that the words " at any time hereafter," in the clause conferring the power, would be sufficient for that purpose, are not sustained by any adjudicated case, and the doctrine is denied by Kent, Sugden and Macpherson. The law, for wise purposes, declares that an infant is incompetent to convey his own property, and no person short of the supreme power of the state can emancipate him from this disability. (*Simson* v. *Jones*, 2 Russ. & Mylne, 365, 13 Eng. Cond. Ch. Rep. 82.) It is said that a party ought to be permitted to dispose of his property on his own terms. So he may. He may confer upon an infant power to convey his land. But he cannot convey his land to a trustee for an infant beneficiary, and then authorize the infant to dispose of it in violation of the law established for his protection. If a deed is made with a void condition, the grant may be good and the condition void. 3. If the power existed, it had to be executed strictly, and this was not done, because Mrs. Thompson did not direct the trustee in writing to whom he should convey.

*Shepley*, for respondents. I. In the deed from Collins and wife to Foster, as trustee for Virginia M. Wetherell, the statute did not execute the use, and the legal title was in Foster, the trustee, for, 1. It was a deed of *bargain and sale*, in which the first use was executed in the bargainee. (*Cary* v. *Jackson*, 16 Johns. Rep. 304. *Guest* v. *Farley*, 19 Mo. R. 147.) 2. It is not executed because the conveyance is to the *separate use of a married woman*. (Hill on Trustees, 234. Lewin on Trusts, 103. *Ayer* v. *Ayer*, 16 Pick. 330. 1

Hilliard on Real Prop. 300. 12 Ohio, 287. 4 Paige, 403. 4 Ad. & El. 582.) 3. It is not executed because the trustee is required *to convey.* (Hill on Trustees, 324. *Garth* v. *Baldwin,* 2 Vesey, 645. *Edmondson and wife* v. *Dyson,* 2 Kelly, 307. 7 Vesey, 201. 4 Ad. & E. 582.) II. The legal estate then was in Foster, the trustee, to hold for Virginia Wetherell's separate use, and to be conveyed by Foster *at any time thereafter* at her request, and to whom she should direct ; and said Foster having conveyed at her request, the conveyance is good, though she was a minor *feme covert* at the time. There is no controversy as to the power of an infant to execute a mere naked power. The only question is in the case where the infant is the beneficial owner, and, as far as can be found, this question has arisen *only* in cases where no power has been given in the deed, either expressly or by implication, to execute during minority. It would seem, upon principle, that a grantor can convey an estate with such limitations and conditions as he may be pleased to annex to it, so long as he does not contravene the settled rules of law, as to the creating of perpetuities. (See Bingham on Infancy, p. 277.) It is admitted on all hands that, where an estate is held by trustees, to be conveyed as a *married woman* may direct, a conveyance made under her direction, her husband not joining, will pass a perfect title. Now how can this be supported, unless it is derived from the power contained in the grant itself. The incapacity of a married woman is greater than that of an infant. Her conveyance is absolutely void, and an infant's only voidable. So far as authority is concerned, it is not even settled whether, in a grant where neither by express words nor by implication authority is given to execute a power coupled with an interest by an infant under age, that power can be exercised. (See case of *Hollingshead* v. *Hollingshead,* quoted in *Coventry* v. *Coventry,* 2 P. Williams, 228.) The case of *Hearle* v. *Greenbank,* (3 Atk. 696,) will be found to have been decided upon the ground that, in the will in that case, no power to execute during infancy was given expressly, nor could be

11—VOL. XX.

inferred from its provisions. Both these cases were decided at a time when the courts held that deeds made by infants were absolutely *void*. All the late writers hold that an infant may execute a power coupled with an interest, if his infancy be dispensed with, or if, from the nature of the power, it be evident that it was in the contemplation of the author of the power that it should be exercised during minority. (1 Preston on Abstracts, 326. 1 Chance on Powers, 216 to 225. Macpherson on Infants, 458. See also 3 Henn. & Munf. 399.) The deed in this case clearly shows the intention of the donor of the power that it should be executed during minority. The words are " *at any time hereafter.*" (1 Chance on Powers, 583.) III. By the deed of Foster, the trustee, to Hubbard, the legal title passed, and if, on account of her being a minor, she be not absolutely bound by the appointment made in that deed, yet as the act is voidable and she has slept on her rights for about sixteen years after she came of age, she can have no relief in a court of equity. (2 Story's Eq. §742, 769, 771. 8 B. Monroe, 162.) IV. As the equitable estate created by the deed to her trustee was her separate property, her coverture does not prevent her laches from barring her recovery. (11 Paige, 475. 10 Mo. Rep. 757.) The disabilities are to be separately considered ; one cannot assist the other. (1 Shep. 397. 3 Brevard, 286. 11 Humph. 468.)

SCOTT, Judge, delivered the opinion of the court.

This was an action to set aside a deed, and to recover possession of two lots on Collins street, in the city of St. Louis, brought in May, 1851. The respondents, who are the defendants, claim title to the premises in controversy, under a deed from Wm. P. Foster and his daughter, Virginia Wetherell, who afterwards intermarried with Wm. F. Thompson, one of the plaintiffs.

In July, 1829, Charles Collins and wife conveyed the premises in dispute to Wm. P. Foster, for the consideration of

$700, in trust for his daughter, Virginia Wetherell, who was then a minor, and to no other. This deed was subject to the following proviso, viz : " That it shall and may be lawful to and for the said Wm. P. Foster, the trustee aforesaid, at any time hereafter, upon the request of her, the said Virginia W. Wetherell, to release, assign and convey the whole or any part of the premises herein described to such person or persons as she shall designate or appoint, and to such use or uses as she shall or may think fit or expedient. John W. Wetherell, the husband of Virginia Wetherell, died during the year 1831. On the 7th day of June, 1831, Wm. P. Foster and his daugh-. ter, Virginia Wetherell, who was still a minor, joined in a deed and conveyed the lots in dispute to Russell Hubbard, for $132 53, which lots, by subsequent conveyances, passed to the respondents. In the year 1834, Virginia Wetherell intermarried with Wm. F. Thompson, who, in conjunction with his wife, brings this suit, on the ground of her infancy when she executed the deed to Russell Hubbard.

On these facts, there was a judgment for the defendants.

Nothing is said in relation to the title derived from the execution on Neville's judgment against John W. Wetherell, because there is no fact found, which shows that the consideration of the deed from Collins and wife to Foster, in trust for Virginia Wetherell, proceeded from her husband.

The defendants seek a support to the conveyance made by Virginia Wetherell during her infancy in the words of the proviso, which empowered the trustee, at any time thereafter, upon her request, to convey the premises. The *dicta* in some of the books, which maintain that an infant may make an appointment to uses of trust estates, where such authority is conferred by express terms in the deed creating the trust, do not seem to be supported by any decided case. The case of *Hollingshead* v. *Hollingshead,* in Gilbert's Equity Reports, where an infant, having covenanted to settle his estate on marriage, according to a power vested in him, but having died before full age, the remainderman was compelled to perform the covenant,

has been called an idle one and not law. (Bing. 81.) Sir Edward Sugden has remarked, in reference to the opinion that an infant might exercise a power not simply collateral, given by express words during infancy, that it would be a bold decision that an infant may have a power of disposition over an estate through the medium of the statute of uses. Before the statute, it is clear that an infant could not alien a use limited to him, that is, could not direct his trustees to convey the estate to a third person. In that respect, equity followed the law. Now the statute only operates on what were uses at the time it passed. A power not simply collateral is a beneficial right to direct the trustee to convey the estate to whom you shall appoint. This direction an infant cannot give by reason of his nonage. (Sugden on Powers, 216. Macpherson on Infancy, 302. 4 Kent, 324.) A beneficial power, being in the nature of property, which an infant cannot by law alienate, it would be strange that an incapacity which the law imposed should be evaded, by means of a power conferred by an individual. A right to bestow on infants property, with an absolute power of disposal, would enable third persons to destroy that control with which the law has wisely entrusted parents over their minor children. Minors would become adults, as there would be no danger of loss in contracting with them.

The statute of limitations is no bar to the plaintiff's right of recovery. Although the disabilities enumerated in the statute are not cumulative, yet, as Virginia Wetherell was under age when she executed the conveyance in 1831, her right of action accrued immediately thereon; consequently, she had twenty years from her majority, within which to bring her action, as a provision of the act of limitations of 1835, still in force, expressly declared that actions theretofore accruing should be governed by the statute in force at the time they accrued. The act of 1825 was in force in 1831, and allowed infants twenty years within which to bring their actions after their disabilities were removed.

As this judgment will be reversed and the cause remanded,

with leave to amend the answer, we will state that, had it appeared from the facts in the case, that the defendants were purchasers for a valuable consideration, without notice, they would have been protected in their possession against the claim of the plaintiffs. Virginia Wetherell had nothing but an equity in the disputed premises, and if, by her conduct, she has been the means of that equity passing to a purchaser for a valuable consideration without notice, her infancy cannot avail her. We are here dealing with equitable rights. It is an inflexible rule of equity jurisprudence to grant no relief against a purchaser for a valuable consideration without notice. Virginia Wetherell is seeking equity through the medium of a procedure in the nature of a bill in equity, and she must submit to the rules of equity courts. Could she sue at law, or in other words, was her title a legal one, her claim could not be resisted. Her incapacity to make the conveyance would be fatal to the defendants' cause. There is a similar incapacity to dispose of her rights in equity; but having disposed of them, and adopting a proceeding in the nature of a bill in equity, she must submit to the rules of a court of equity. The modification of our rules of pleading, and the blending of law and equity, does not destroy the equitable rights of parties.

The same learned lawyer, whose authority has settled the first question which was made in this cause, says that a court of equity acts upon the conscience, and as it is impossible to attach any demand upon the conscience of a man, who has purchased, for a valuable consideration, *bona fide* and without notice of any claim on the estate, such a man is entitled to the peculiar favor and protection of a court of equity. Precedents are numerous and ancient where the court has refused to give any assistance against a purchaser, either to an heir or to a vendor, or to the fatherless, or to creditors, or even to one purchaser against another. (2 Sug. Vcn. 295.) So he says, if a person, having a right to an estate, permit or encourage a purchaser to buy it of another, the purchaser shall hold it against the person who has the right, although covert or under age. (Id.

300.) The judgment will be reversed, and the cause remanded, with leave to the defendants to amend. Judge Ryland concurring. Judge Gamble not sitting.