Thompson v. Lyon.

———

WM. J. THOMPSON AND WIFE, Plaintiffs in Error, *v.* WM. M. LYON *et al.*, Defendants in Error.

*Ejectment—Legal Estate.*—In an action of ejectment to recover possession of land by one claiming only an equitable estate, there can be no recovery if the legal estate be outstanding.

*Finding—Review.*—Where a party asks for a review of the finding made by the court upon a question of fact, in a suit commenced under the Practice Act of 1849, he must make a case setting forth the evidence.

*Error to St. Louis Court of Common Pleas.*

This case was before the court in 20 Mo. 155. After the remanding of the cause, the plaintiffs amended their petition, setting forth the respective titles of plaintiffs and defendants, but asked judgment simply for the possession of the premises, thus making the action an ejectment.

At the close of plaintiff's case the cause was submitted to the court, and, upon the evidence, the court made the following finding:

The court finds that on the second day of July, 1829, Charles Collins and wife, for the consideration therein mentioned, executed, acknowledged and delivered to Wm. P. Foster, the deed, &c., to have and to hold the above granted, bargained, sold and conveyed premises, with the appurtenances, unto the said William P. Foster, his heirs and assigns forever; in trust, however, for the sole and separate use of Virginia W. Wetherell, and no other: *Provided, however,* that it shall and may be lawful to and for the said William P. Foster, the trustee aforesaid, at any time hereafter, upon the request of the said Virginia W. Wetherell, to release, assign and convey the whole or any part of the premises herein described to such person or persons as she shall designate or appoint, and to such use or uses as she shall or may think fit and expedient; and the said Charles Collins and Adeline Collins, for themselves, their heirs, executors and administrators, hereby covenant and agree, &c. Recorded 3d August, 1829.

The court further finds, that the said Virginia W. Wetherell mentioned in said deed is one of the plaintiffs, and was the daughter of said Wm. P. Foster, and that at the date of said deed she was the wife of John Wetherell. The court further finds that said John Wetherell died, and that afterwards, in the year 1834, the said Virginia W. intermarried with the plaintiff, William J. Thompson, and ever since has been and now is his wife.

The court further finds that on the 7th day of June, 1831,

the said William P. Foster and Virginia W. Wetherell, for the consideration therein mentioned, executed, acknowledged and delivered to Russell Hubbard the following deed, to wit:

" This indenture, made this seventh day of June, in the year 1831, between William P. Foster, trustee of Virginia W. Wetherell, and Virginia W. Wetherell, of the first part, and Russell Hubbard, of the second part, all of the city of St. Louis and State of Missouri, witnesseth, that the said William P. Foster, trustee, and Virginia W. Wetherell, for and in consideration of the sum of $132 53, lawful money in hand paid, the receipt whereof is hereby acknowledged, have granted, bargained and sold, and by these presents do grant, bargain and sell and convey unto the said Russell Hubbard, his heirs and assigns, two certain pieces or parcels of land, &c., to have and to hold the above granted, bargained, sold and conveyed premises, with the appurtenances, unto the said Russell Hubbard, his heirs and assigns forever. In testimony whereof, the said parties of the first part have hereunto set their hands and seals the day and year first above written. William P. Foster, [L. S.]   Virginia W. Wetherell, [L. S.] Signed, sealed and delivered in presence of ——.

" We acknowledge the receipt of the above one hundred and thirty-two dollars and fifty-three cents.   William P. Foster.   Virginia W. Wetherell.

" State of Missouri, County of St. Louis, ss.—Be it remembered, that on the day of the date hereof, before the undersigned, a justice of the peace within and for the county aforesaid, personally appeared William P. Foster and Virginia W. Wetherell, who are personally known to the said justice to be the persons whose names are subscribed to the foregoing deed or instrument of writing, as having executed the same, and acknowledged such deed or instrument of writing to be their act and deed for the purposes therein mentioned.   Given under my hand this 8th day of June, 1831.   Jos. Garnier, J. P.   (Recorded March 10, 1832.)"

The court further finds that at the time of the execution and delivery of the last mentioned deed, the said Virginia W.

15—VOL. XXXIII.

Wetherell was an infant somewhere near but not over seventeen years of age. The court further finds that the defendants by various mesne conveyances obtained and now hold all the estate conveyed to said Russell Hubbard by the said deed of the 7th of June, 1831; that said defendants hold possession and claim title to the premises described in the said deeds of Collins and wife and of said Foster and Virginia W. under the said deeds; that said premises are the same described in the plaintiffs' amended petition, and that defendants were in possession of the said premises at the commencement of this suit.

Upon the foregoing facts as found the court declares and decides as matter of law, that the plaintiffs are neither entitled to recover the possession of the premises sued for, nor damages for the detention thereof, nor for the rents and profits thereof, and that judgment ought to be given for the defendants; the court being of opinion, and deciding, that said deed from said Foster and Virginia W. was effectual to pass the legal estate in the said premises to the said Russell Hubbard notwithstanding the said Virginia W. was a minor at the time of its execution, and that said legal estate is now vested in the defendants. And the court is further of opinion that the plaintiffs cannot recover the possession of said premises from the defendants as long as the said legal estate is outstanding against them. The court does not find whether or not the defendants and those under whom they claim title to the said premises had notice at and before the times they received their respective conveyances of the said premises, of the fact that the said Virginia W. was an infant at the time of the execution of said deed to said Russell Hubbard, the court considering that fact immaterial as the pleadings in the case now stand.

The plaintiffs filed their motion for review, making their case as follows:

The plaintiffs, in making their case, state, that, besides the evidence embodied in the finding of the court, to wit, the deed from Collins and wife to Foster, and the deed from Fos-

ter and the said Virginia W. to Russell Hubbard, and besides the facts found by the court, evidence was given on the part of the plaintiffs tending to prove that the consideration money paid for the conveyance from Collins and wife to Foster was paid out of funds properly belonging to the said Virginia W.; and tending to prove the value of the premises sued for, and the monthly value thereof for five years next before the commencement of this suit and down to the time of trial; and tending to prove that the said W. P. Foster died in 1833, and that the said Virginia is his daughter; and tending to prove that the defendants, and those under whom they claim title to the said premises, had notice, at and before the times they received their respective conveyances of the said premises, of the fact that the said Virginia W. was an infant at the time of the execution of the said deed to Russell Hubbard; and tending to prove that the said Virginia did not request, but was opposed to, the conveyance of said land to said Hubbard. That no testimony was given on the part of the defendants.

At the close of the testimony on the part of the plaintiffs, the said plaintiffs by counsel moved the court to decide and declare the following propositions of law as applicable to the case:

1. The deed from Charles Collins and wife to Wm. P. Foster is operative by its terms to convey to the said Foster all the title of Charles Collins the grantor in and to the land described therein as granted, bargained and sold, to be held by the said Foster, or disposed of by him only as a trustee and according to the terms of the deed.

2. By virtue of the said deed the said Virginia, the *cestui q'use*, had a right to take the rents and profits of the estate conveyed by said deed, and to possess and use the land.

3. The deed from Wm. P. Foster and Virginia W. Wetherell to Russell Hubbard, as given in evidence, as a conveyance from the said Foster to the said Hubbard, is inoperative to destroy or diminish the right of the said Virginia in and to the said land unless it appear that the said deed was made

by said Foster at the request of the said Virginia and according to the terms of the deed of trust from Collins to Foster.

4. The said Hubbard, and all who claim title through him under the said deed from Collins to Foster, are affected with notice of the contents and terms of said deed and are bound thereby.

5. The said deed to Hubbard, as a conveyance from said Virginia, was not binding upon her if she were an infant when it was made, and her right to disaffirm the said deed does not depend upon the fact whether or not these defendants, or any through whom they claim, had knowledge or notice of her infancy when or before they acquired title.

But the court declined to pass upon the said propositions of law at that time, and upon a subsequent day the court caused to be filed its finding of facts and conclusions of law therein as the same is here of record. The plaintiffs pray for a review and new trial of the cause, and in support of their prayer they respectfully suggest that the finding of the facts by the court is insufficient and incomplete, not being co-extensive with the allegations of the parties in their pleadings, nor with the testimony as given by the plaintiff.

And that the conclusion of law drawn from the facts as found is erroneous. It is erroneous in several particulars, and especially in assuming that the plaintiff cannot in law have a right to recover the possession of the land, because the legal title to the fee simple is outstanding.

*Edward Bates,* for plaintiff in error.

I. The legal effect of the deed from Collins to Foster (of date July, 1829) was to convey the legal title in fee to Virginia W. Wetherell, and this by the force of the statute of uses.

Under this head I remark, that this deed is not a deed of bargain and sale in the English sense of that term. It is a conveyance *per se,* and needs no other act of the Legislature or the parties to transfer the title from the bargainor to the bargainee. Whereas the English deed of bargain and sale is not a conveyance, but only a contract to convey, and if sup-

ported by a valuable consideration creates a use, which use is " executed into possession " by force of the statute of uses; and that is the reason why the courts of England, in construing such deeds containing an express trust or use, limited the title to the bargainee as the holder of the *first use*, insisting that the *cestui qui use* actually named held only the second use, and that the statute executed the first use and not the second.   (2 Bl. Com. 338.)

With us there is no such thing as a deed of bargain and sale, as contra-distinguished from feoffment.   Our land " lies in grant," not livery.   The recording of the deed has long ago taken the place of livery of seisin.   (Perry v. Price, 1 Mo. 553.)

I am aware of the case of Guest v. Farley, 19 Mo. 147. That in reality was not a decision by the court; that the deed there in question was a deed of bargain and sale, (for that seemed to be assumed all round,) but that, being such a deed, the statute executed only the first and not the second use.

But, second, if it be really a deed of bargain and sale, still Virginia, the *cestui que trust*, has as perfect a right to the possession and use of the land as the trustee had to the dry title in fee.   (Co. Litt. 272, b. ; Thomas Co. 570.)

The right *to possess* in Virginia is consistent with the title vested in her father.   Her right of possession is as good as his right to the barren fee, and is of the same nature, being created by the same deed.

If the deed had said in terms that Virginia should have the possession, there could be no doubt, I think, of her legal right; and if without the terms the legal effect of the deed is to give her the possession, the result is the same.

The words *title* and *entitled* are relative, and apply as well to the *possession* as to the *fee*.   In the 4 Mo. R. 106, Bryan v. Wear et al., the court determined that the deed of a husband is good to convey the *possession* of the wife's land during their joint lives.

And in 3 Mo. R. 239, Cook v. Johnson, the court says that the plaintiff's legal title will avail him nothing against his

covenant for quiet enjoyment, and this in an action of eject-
ment; and this seems fully supported in 4 Burr R. 2208,
Right v. Proctor. So much for the deed from Collins to
Foster.

II. The deed from Foster and Wetherell to Hubbard (date
June 7, 1831) did not operate to divest Virginia Wetherell of
any of the rights vested in her by the deed from Collins to
Foster, and

1. As a conveyance from Foster to Hubbard it is inopera-
tive as a transfer of even the dry title, because by the terms
of the deed Foster had no right to use or enjoy the land,
but only the naked power to hold it for a specified purpose,
and to convey it in a specified manner as might be directed
by a person named in the deed.

His power to convey was a naked power not coupled with
any interest, and therefore must be strictly pursued.

Any attempt to convey as a full owner would be inopera-
tive and void. (See Dougal v. Foye, 3 Mo. R.)

And all who purchase from him are affected with notice of
his title and the limitations upon his power to sell, and must
see at their peril that he conforms to the terms of his power.
(White v. Watkins et al., 23 Mo. 423–429.)

2. As a conveyance from Virginia W. Wetherell it was
equally inoperative from the beginning, unless indeed it be
admitted that the full title was vested in her by the statute
of uses, because by the terms of the deed the conveyance
was to be made, not by her, but by Foster alone, as she might
request.

But supposing it not void, it was voidable by reason of her
infancy; and she has avoided it, and her right to do so is a
simple, absolute, arbitrary right. (See Peterson v. Laik, 24
Mo. 541.)

III. As to the form of the action—it is not ejectment,
technically, nor a chancery suit, technically, and need not be
either. Our statute has abolished the names of actions, and
now we can only judge of and class them by the matter con-
tained in the petitions. If the facts stated and proven show

Thompson v. Lyon.

the plaintiffs entitled to possession and damages, or either, at law, then it is a good suit at law. If in equity, then it is a good suit in equity.

But, even in ejectment proper, it is a great mistake to suppose that the plaintiff must have a legal title to the fee, or even to the feehold. All he needs is the right to enter—the right to possess. A naked possession is sufficient against a wrongdoer.

*Shepley*, for defendants in error.

The defendants (respondents) submit the following points:

I. The only facts in evidence, as presented by the record, are those set forth in the finding of the court. If there was any other evidence it was not preserved. (Act 1849, p. 90.)

II. The amended petition, in its structure and prayer for judgment, goes upon the idea that the plaintiffs are entitled to the possession of the land, and for damages for five years from the commencement of the suit, and is, in effect, an ejectment suit; and the court, upon the petition and the facts as presented by the record, could make no other decision than the one it did make, for,

1. No other relief is prayed for in the amended petition than a judgment for possession and for damages, and they are confined to that relief and can get no other. (Pensenneau v. Pensenneau, 22 Mo. 27.)

2. If the legal title is in defendants, as the court decided when the case was formerly in this court, then, no matter what the evidence might be, the court could not take it from us, because there is no such relief asked, but another and altogether different one.

3. The deed does not give any right to possesion to Virginia W. Wetherell. The deed conveys the legal title to W. P. Foster, and by law the right to the possession follows the legal title.

4. No offer is made to pay back the money, the consideration of the deed. (Vallé v. Fleming, 29 Mo. 152.)

Under the petition these facts are no answer to the pleadings and the case made in the petition.

III. Upon the case, as presented here, the finding of the court is in all respects correct. If it were not so, then the plaintiffs could have shown it by setting out the evidence in a case made. But, as they did not do so, for wise reasons of their own, they cannot now say that there is any defect in the finding.

IV. The statute did not execute the use, and the legal title was, by the deed of Collins and wife, in Foster, the trustee. Guest v. Farley, 19 Mo. 147, and this case in 20 Mo. 155, where it is fully held. The cases are numerous and all one way.

V. The effect of the deed was to vest in Foster an estate, which, at the request of Virginia W. Wetherell, he could convey, whether she was under age or not.

BAY, Judge, delivered the opinion of the court.

This cause has been in this court before, and will be found reported in 20 Mo. 155.

It was then held that an infant could not execute a power of appointment coupled with an interest, but if it appeared from the facts of the case that the defendants were purchasers for a valuable consideration without notice, they would be protected in their possession against the claim of the plaintiffs. That if Virginia Wetherell, who had nothing but an equity in the disputed premises, by her conduct was the means of passing that equity to a purchaser for a valuable consideration, without notice, she would not be permitted to avail herself of her infancy. The judgment was reversed and the cause remanded, with leave to amend the answer.

The complainants then amended their bill, omitting the prayer to set aside the deed from Foster and Virginia Wetherell, and leaving the bill with a simple prayer for a judgment for possession, with damages.

The defendants, in their answer to the amended petition, assert that they were purchasers for a valuable consideration,

and without any knowledge or notice of any disability on the
part of said Virginia Wetherell, or that she had asserted any
pretence of title to said premises, and deny that Hubbard or
any other subsequent purchaser had any notice or knowledge
of any such disability.   The court found for the defendants,
and made a special finding of the facts, as required by the
code of 1849, under which the suit was brought, together
with the conclusions of law upon the facts.   Exception was
taken to the decision of the court, and a motion for review
filed, which was overruled.   The propriety of the action of
the court in overruling the motion for a review, so far as it
applied to the evidence, cannot now be considered by us, in-·
asmuch as no case was made containing the evidence as
required by the code, nor does the record show all the evi-
dence given upon the trial.

Upon the facts as found by the court, the court declared
and decided as matter of law that the plaintiffs were not en-
titled to recover possession of the premises nor damages for
the detention thereof, nor for the rents and profits thereof,
and that judgment ought to be given for the defendants,
the court being of opinion and deciding that said deed
from Foster and Virginia Wetherell was effectual to pass
the legal estate in the premises to Russell Hubbard, not-
withstanding the said Virginia was a minor at the time of
the execution of the deed, and that the legal estate is now
vested in the defendants, and that the plaintiffs cannot re-
cover the possession from the defendants as long as the legal
estate is outstanding against them.   The court made no
finding with reference to notice, not considering it material
under the pleadings as amended.

As before stated, the amended bill contains no prayer to
set aside or declare invalid the deed from Foster and Virginia
to Hubbard, but simply prays for possession of the premises,
and in that respect partakes of the character of an action of
ejectment; no other relief was asked.   As stated by this
court when the cause was here before, Virginia Wetherell
had nothing but an equity in the disputed premises, and as

the bill does not ask the enforcement of any equitable right, and as the legal title is outstanding, we do not perceive upon what ground she can maintain an action to obtain possession of the premises. As the cause was presented to the court below, the finding could not have been otherwise.

Judge Dryden concurring, the judgment will be affirmed; Judge Bates not sitting.