Tompkins, J.,
delivered the opinion of the Court.
Snell sued Owens in the Circuit Court of Randolph county. In the progress of the cause, Owens moved the Court to rule Snell, for reasons filed, to give security fort costs'; and the Court ruled him accordingly to’do so within thirty days before the then next succeeding term. On the first day of March, 1833, Owens again moved the Court to dismiss the cause, because a bond had not been filed agreeably to the order of the Court above mentioned. It appeared that a paper writing called a bond had been filed by the plaintiff, which was called a bond' for costs. This writing was filed on the 25th day of February, next preceding the day of making the motion. The Court dismissed the cause and the plaintiff excepted to the opinion of the Court. On the next day, (viz.) 2d day of March, which was the second day of *163 the term, the plaintiff moved the Court to reinstate the cause on the docket, and the Court overruled the motion. We find after the hill of exceptions, the copy of the bond; but as it is not incorporated with the record by the act of the Court, as it might have been by copying it into the bill of exceptions, we can take no notice of it: and indeed the Circuit Court may have refused to notice it because it was insufficient : for we are to presume its judgments are correct and well founded, until the contrary appears. We must therefore treat it as no bond. This Court has gone far to keep suitors in Court. In the case of’ Brown v. Ravenscroft, the judgment of the Circuit Court of Cape Girardeau county was reversed, because it dismissed the cause for the reason that Brown had not filed security for costs, agreeably to an order of that Court. But in that case Brown had offered to file sufficient bond, before the motion to dismiss was made. We cannot indulge suitors farther. In the case cited, as well as that now before -the Court, the defendant would necessarily go to the Clerk’s office on the day the plaintiff was ruled to give security for costs, to see whether it was necessary to make preparation for trial, and finding no bond, it would not be unreasonable that he expected in the event to get rid of a vexatious suit. But this Court interposes to keep the plaintiff in Court, merely because he files his bond before a motion is made to dismiss. But in the cause before us, we are asked to go a step farther and allow a bond to be filed after the defendant has moved to dismiss. We cannot do this. The judgment-of the CwcuitCourt, we think, is correct. It is therefore affirmed, and the defendant in error is allowed his costs.