EMORY AND OTHERS, Respondents, v. PHILLIPS, Appellant.

1. Where in a petition it was charged that the defendant, "without leave and wrongfully entered upon a certain tract of land (describing it) of which plaintiffs were the owners and in possession thereof, &c., and took from said premises a house thereon situated, used and employed as a Methodist meeting-house or church, and carried said house off," &c.; *held*, that an answer, in which defendant " denies that he wrongfully entered upon the premises and took therefrom a Methodist church or meeting-house of said plaintiffs ; and the defendant charges the fact to be, that the house spoken of, was his (defendant's) property and not owned or claimed by plaintiffs," (defendant also in the answer claiming permission from one of the plaintiffs to " do as he pleased with" said house, and denying plaintiff's possession,) admits the entering and taking away of the house.

2. In impeaching a witness, evidence of his general character for truth and veracity, among a *majority* of his neighbors, is inadmissible.

*Appeal from Cape Girardeau Circuit Court.*

This suit was originally commenced before the New Madrid Circuit Court, whence it was taken by a change of venue to Cape Girardeau Circuit Court. It was an action by plaintiffs, as trustees of the Methodist Episcopal church south, to recover damages for the alleged removal by the defendant of a meeting-house belonging to plaintiffs. The allegations of the petition and answer, so far as they bear upon the decision of this court, are sufficiently set forth in the opinion of the court. The finding of the court is as follows : " That said defendant, before the commencement of this suit, did enter upon the tract of land in plaintiffs' petition mentioned, and sever and take away from said land a house of the value of $250 ; that, at the time of said entry and the taking of said house, the plaintiffs, as trustees of the Methodist Episcopal church south, were the owners of said land ; by reason of which said entry, severance, and taking of said house, the plaintiffs have sustained damage to the sum of $250." Judgment was accordingly given for plaintiffs for that sum.

In the course of the trial, portions of certain depositions introduced in evidence by defendant, which were offered with a

view to impeach one G. S., a witness for plaintiffs, were exclu-
ded by the court. The following questions and answers, con-
tained in the depositions of John Freeman and B. S. Hacker,
respectively, were excluded by the court: "Ques. (to J. F.)
Are you or not acquainted with G. S.; and if so, state what is
his general reputation for truth and veracity among his neigh-
bors? Ans. I am personally acquainted with G. S., and his
general character for truth and veracity, among his neighbors,
is bad; I have heard some of them say that they would not
believe him on oath. Ques. (to B. S. H.) Are you or not
acquainted with G. S., and do you know the character he
bears, among a majority of his neighbors, for truth and veraci-
ty? Ans. Yes; I am well acquainted with G. S., and his
general character for truth and veracity, among a majority of
his neighbors, is bad, and he is not to be believed." To the
exclusion of these answers defendant excepted.

*Polk*, for appellant, cited 13 Mo. 236; Swift's Evidence,
143; 3 S. & R. 336; 2 Hayw. (N. C.) 300; 3 Bibb, 268;
19 Maine, 375; 17 Mo. 550.

*N. Holmes*, for respondents.

RYLAND, Judge, delivered the opinion of the court.

The answer of the defendant in this case may be considered
as a negative pregnant. There is no denial of his taking away
the house as alleged in the plaintiffs' petition. The plaintiffs
charge that the defendant on, &c., at &c., "without leave and
wrongfully did enter upon a certain tract or parcel of land,
(describing it,) of which they were the owners and in posses-
sion, and take from the premises a house thereon situated, used
and employed as a Methodist meeting-house or church, and
carried said house off and away from said premises, to plain-
tiffs' damage," &c.

Defendant denies that he "wrongfully entered upon the
premises and took therefrom a Methodist church or meeting-
house of said plaintiffs," and the defendant charges the fact to

be, that the house spoken of was his property, and was not owned or claimed by plaintiffs. He also charges that one of the plaintiffs disclaimed the ownership, and told the defendant he might do as he pleased with the same. He denies that plaintiffs had possession of the premises.

This answer may be considered as admitting the taking away of the house in dispute, and ought to have been so construed by the court below. It does not openly deny the taking; and, although it does not frankly admit it, yet such is the evasive and improper manner of stating the defence, that the law would construe this as admitting the taking, but not the ownership. The right or ownership of the property was all then that was in dispute.

The plaintiffs charge the defendant with two important acts; the *taking away of property* is one, and the *property belonging to the plaintiffs* is the other. The defendant says, " the property belongs to me." He does not deny the taking; and, unless it is denied specifically, it is admitted. So much, then, for the taking.

Now, as to the evidence of character, the testimony of Hacker was properly rejected; the question put to him, about the character the witness bears among a majority of his his neighbors, is not the proper legal and formal question; and parties, when they attack a witness, must do so according to the rules prescribed by law, as laid down by the elementary writers. The same remarks are applicable to Freeman's testimony. In Adams v. Hannon, (3 Mo. 225,) this court held that " what is the character of the plaintiff for chastity, among the majority of her neighbors, with whom the witness had conversed? is, we think, a question not at all calculated to elicit an answer proper to prove general character."

But the principal fact proved by the witness, whose character was attacked, was, or ought to have been, taken by the court below as admitted; that is, the taking off the house. The defendant's answer may be considered as admitting this, by the manner it is set forth. In looking over the whole record, there appear

no grounds upon which to reverse the judgment of the court below; the finding may be considered sufficient, and it warrants the judgment.   The other judges concurring, the judgment below must be affirmed.