Hyde v. McCabe.

HYDE, *Appellant*, v. McCABE.

100 412
59a 518
59a 523
100 412
f 161 263
161 265

1. **Libel, Action for:** PETITION: PRIVILEGE. The petition in this case which was an action for libel charged that plaintiff was a deputy clerk in the office of the clerk of the circuit court of the city of St. Louis, and that, in support of a motion for costs made by the clerk in a pending cause, plaintiff herein filed an affidavit stating that the plaintiff in said pending suit was insolvent and so unsettled as to endanger the officers of said court with respect to their legal fees; that the defendant in the present suit, and who was attorney for the plaintiff in the other suit, filed a counter-affidavit which contained, *first*, a denial of the allegations of fact set out in the motion and, *second*, a charge that the affidavit of plaintiff herein supporting said motion was "a corrupt voluntary and

Hyde v. McCabe.

wilful case of false swearing." *Held* : (1) That the defamatory matter just set out was not sufficiently relevant to the issue raised by the motion as to be privileged, and (2) that the petition sufficiently and fairly pres ented a theory. of recovery by plaintiff if established by the evidence.    [BARCLAY, J., *dissenting.*]

2. ———: ———: QUESTION OF FACT. Whether or not defendant made the charge of false swearing maliciously, without believing it to be relevant and without reasonable or probable grounds for such belief was a question of fact for the jury.

*Appeal from St. Louis City Circuit Court.* — HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

THIS case comes here by appeal from a ruling by the trial court, sustaining a general demurrer to plaintiff's petition.

The exact case presented will best appear from the petition itself, which is as follows, viz.:

" Plaintiff states that he is a deputy clerk of the circuit court, city of St. Louis; and that in said position and calling, as well as in others of a similar character, he has always been of good name and fame; that as such deputy it was his duty to examine into the matter of the solvency, domicile and ability of suitors in said court, with reference to the payment of the costs of suits instituted by them, and to make affidavit of the result of his said examination and inquiry, to be filed in support of motions made by the sheriff and said clerk in said suits for security for costs, under rule number 4 of said court, which rule constituted such affidavits sufficient evidence to support said motions in the absence of any counter-affidavits controverting the same; but that, upon the filing of such counter-affidavits, the issue of facts thus presented should be determined by the court.

"That, in the discharge of his duty aforesaid, he examined into the subject-matter of the motion of said clerk, and of the sheriff of said city, filed in the case of Charles D. McClure *v.* F. Kerens, then pending in said

court, wherein said court was asked to enter a rule against the plaintiff, requiring him to give security for costs in said court, on the ground that he was insolvent, and so unsettled as to endanger the officers of said court, with respect to their legal demands. That in support of said motion, and in pursuance of his duties, plaintiff made and filed an affidavit in said case, wherein he stated that he had examined into the subject-matter of said motion, and that the facts as aforesaid stated in said motion were true to the best of his knowledge and belief.

"That afterwards, on or about the twenty-fourth day of November, 1886, the defendant, being an attorney of said McClure in said case, verified, signed and filed his counter-affidavit, wherein he states (as he was privileged to do, if supported by sufficient evidence), that said McClure was not insolvent, and that he was possessed of large means, a portion of which consisted of real estate on Broadway and Washington avenue, St. Charles and Vandeventer place, in St. Louis, and that plaintiff had never examined into the subject-matter of said motion. But the defendant, maliciously intending and craftily contriving to injure and damage this plaintiff in his good name and fame, falsely and maliciously incorporated into his said affidavit, signed and sworn to as aforesaid, and as the concluding language thereof, the following false, malicious and unprivileged accusation against this plaintiff; that is to say, 'but that the affidavit of said Hyde is a corrupt, voluntary and wilful case of false swearing,' meaning that this plaintiff, in his affidavit aforesaid, was guilty of corrupt, voluntary and wilful perjury.

"Plaintiff states that he has been greatly injured in his said occupation and calling, and in his good name and fame as an officer and as a citizen; that said false, unprivileged and unwarranted charge on the files of said court has become known to the public; that it will embarrass and cripple this plaintiff in his aspirations

Hyde v. McCabe.

and aims to obtain an honest livelihood and achieve an honorable success in the affairs of life, through all time to come.

"Wherefore plaintiff prays damages for the wrongs aforesaid in the sum of ten thousand dollars and for costs."

*J. J. & Henry D. Laughlin* for appellant.

(1) The witness stand or written pleas of a court do not constitute an absolute privilege. Townsend, Libel & Slander [3 Ed.]; *White v. Nichols*, 3 How. (U. S.) 266; *Ormsby v. Douglass*, 37 N. Y. 477; *Whitney v. Allen*, 62 Ill. 472. (2) The petition charges not only that the accusation of false swearing was unprivileged, but that it was made with intent to injure plaintiff. (3) The charge of false swearing was impertinent and foreign to the pleading. (4) What a witness says must be pertinent, or believed to be so by him. *White v. Carroll*, 42 N. Y. 161; *Allen v. Crofoot*, 2 Wend. 515; *Barnes v. McCrate*, 32 Maine, 442; *Calkins v. Summer*, 13 Wis. 193; *Lea v. White*, 4 Sneed. 111; *McLaughlin v. Cowley*, 127 Mass. 316; *York v. Rose*, 2 Gray, 282; *Smith v. Howard*, 28 Iowa, 51; *Story v. Wallace*, 60 Ill. 51; *Morgan v. Booth*, 3 Bush. 480. (5) In this country pleadings are privileged not absolutely, but only on condition that the statements are pertinent, or, if not pertinent, are honestly believed to be so by the pleader. This always makes a jury issue. *Wyatt v. Buell*, 47 Cal. 624; *Garr v. Selden*, 4 Comst. 91; *Gilbert v. People*, 1 Denio, 41; *Warner v. Payne*, 2 Sandf. 195; *Lanning v. Christy*, 30 Ohio St. 115; *Whitney v. Allen*, 62 Ill. 472.

*Sim. T. Price, W. C. & Jas. C. Jones* and *F. X. McCabe* for respondent.

The alleged accusation was privileged for the following reasons: (1) It was made in a legal proceeding and was pertinent or material to the controversy.

Townsend, Libel and Slander [3 Ed.] secs. 221 and 222; Cooley on Torts [2 Ed.] *pp. 211 and 214; Hilliard on Torts [4 Ed.] p. 336, sec. 3; Folkhard's Starkie, sec. 688; *Gilbert v. People*, 1 Denio, 43; *Hollis v. Meux*, 11 Pac. Rep. (s. c. Cal.) 250; *Maurice v. Worden*, 54 Md. 253; *Spaids v. Barrett*, 57 Ill. 291; *Burke v. Ryan*, 36 La. Ann. 957; *Warner v. Payne*, 2 Sanford (N. Y.) 195. (*a*)  Perjury is the wilful giving, under oath in a judicial proceeding or course of justice, of false testimony material to the issues or point of inquiry.  2 Bish. Crim. Law, sec. 860. (*b*)  To constitute perjury it is not necessary that the evidence given should be material to the main issue before the court; it is sufficient if it be material to any collateral matter of inquiry.  *State v. Lavally*, 9 Mo. 834. (*c*)  It is now held that if a person swear that he believes a thing to be so, it is equivalent to swearing that it is so, and that such an oath will amount to perjury, if untrue, the same as if it were in absolute and direct terms. *Simpkins v. Malott*, 9 Ind. 543; Lawson on Expert and Opinion Ev. 527. (2)  The alleged accusation was privileged because it was made in defense of an unjust and false attack upon the standing and credit of McClure.  Folkhard's Starkie, sec. 688; Odger's Libel and Slander, p. 221. (3)  The alleged accusation was privileged because it was made in the performance of a public duty by an officer of the court in disclosing to the court the corrupt action of another officer of said court.  Odger's Libel and Slander, p. 221; Cooley on Torts [2 Ed.] *p. 210. (4)  The demurrer should have been sustained because the petition not only does not state that the alleged accusation made by McCabe was groundless, but because it also fails to state that McCabe made his affidavit as a pretense for promulgating the libel.  1 Hilliard on Torts, [4 Ed.] p. 336.

BARCLAY, J.—It will be seen at a glance, from the statement of the case, that plaintiff's claim rests upon

the supposed liability of defendant for alleged defamatory matter, contained in an affidavit of the latter, filed in resisting an application for a rule for security for costs, in a cause between strangers to the present action.

Plaintiff was the deputy circuit clerk who made the original affidavit in support of the motion for security for costs, in response to which defendant's affidavit, herein complained of, was filed. Defendant here was the attorney of record in the other cause for the plaintiff therein, against whom the rule for costs was prayed. The exact terms of the alleged defamatory matter appear in the petition, a copy of which is part of the statement preceding this opinion.

For reasons of public policy, there are many occasions on which a written or spoken expression of opinion or statement of facts, otherwise defamatory, is not ordinarily actionable as a libel or slander. This case does not require the enumeration of all such instances. They are usually classified by text-writers, under the head of privileged statements. Many of them arise in the course of judicial proceedings. Some utterances made in such proceedings are protected by a shield of absolute privilege, interposed from time immemorial by the rules of the common law, to secure the free and fearless conduct of such proceedings. Others are privileged in a lesser degree, and, upon a proper showing of certain facts, the protection of privilege may be removed.

We shall not attempt a detailed statement of the principles governing this subject further than may be necessary to the precise case in hand. Owing to the differences of opinion among the judges who have construed, from time to time, the common law regarding it, great difficulties arise upon any attempt to properly classify privileged occasions with reference to the rules applicable to each. We refrain from any such attempt.

Certain principles, however, are sufficiently well established by authority to furnish a rule of decision

in the present case. We will endeavor to limit this opinion to a declaration of them.

The general rule is that an affidavit filed in the course of judicial proceedings is not actionable as libelous if fairly relevant to the issue, or responsive to some fact apparently bearing on the issue to which it is directed, assuming, of course, that the court has jurisdiction in the premises. If an irrelevant charge, otherwise libelous, is contained in such an affidavit, it may be the basis of an action for libel, if shown to have been maliciously made, without an honest belief that it was relevant to the issue, based upon reasonable grounds for such belief. The nature of the irrelevant charge itself (with reference to the actual issues in the case wherein it occurs) may sometimes furnish evidence of the want of such belief, but where it does not, the question of affiant's belief in the relevancy of the charge becomes, generally, one of fact, to be determined by the triers of the facts.

No action for libel can be maintained upon a charge contained in an affidavit filed in such a proceeding, where the charge is either relevant to the issue, or is believed (upon reasonable grounds) to be so by the affiant. Whether any other action will lie for a false charge so made, if instigated by malice, and without probable cause, is a question not now before us.

In the case at bar, it will be observed that the affidavit of defendant, which forms its ground-work, contains, *first*, a denial of the allegations of fact in the motion for security for costs, and, *secondly*, a charge that the affidavit of the plaintiff here, supporting that motion, was a "corrupt, voluntary and wilful case of false swearing."

II. A majority of the members of the court are agreed that the defamatory matter in question, contained in the second part of the affidavit, is not sufficiently relevant (to the issue raised by the motion) to

afford a privilege to affiant; that, consequently, the question whether or not the affiant made such charge maliciously, without believing it to be relevant, and without reasonable or probable grounds for such belief, is one of fact, which should have been submitted for trial if denied by the defendant, and that the allegations of the petition herein sufficiently and fairly present a theory for a recovery by plaintiff if established by his evidence. Taking this view of the case, a majority of my brethren are agreed that the demurrer should have been overruled; that the judgment should be reversed, and the cause remanded for a new trial. From that result my respectful dissent is entered, on the ground that the matter in the affidavit was sufficiently relevant to the issue to preclude an action for libel, but the principles stated in the first part of the opinion, down to paragraph the second, meet my entire concurrence, and the point of difference between us does not appear to call for any further comment, at present, on my part.

In accordance with the views of the majority of the court, the judgment is reversed, and the cause remanded; RAY, C. J., BLACK and BRACE, JJ., concurring, and SHERWOOD, J. expressing no opinion.