TIMOTHY LAMBERSON, Respondent, v. FRED LONG, Appellant.

66   253
174s   ²490

St. Louis Court of Appeals, April 7, 1896.

1. **Slander:** PLEADING. When the defendant in an action for slander by his answer denies that he willfully, wantonly and maliciously, spoke the slanderous words in the presence of the persons named in the petition, he does not thereby deny the speaking of the words, but only the malice and attendant circumstances.

2. ———: EXEMPLARY DAMAGES: EFFECT OF STATUTE. The statute of 1895, requiring exemplary damages to be separately stated in the petition and verdict, does not govern a cause instituted before, though tried after, it went into effect.

3. ———: PRIVILEGE OF WITNESS. A remark made by a witness while on the stand, which is wholly irrelevant to the matter of inquiry and uncalled for by any question of counsel, is not privileged absolutely. To make it privileged, it is incumbent upon the witness, when sued for slander on account of it, to satisfy the jury that he made it, believing it to be true, and, moreover, believing on reasonable grounds that it was relevant.

4. ———: ———. But *held* by BOND, J., that a statement made by a witness on the stand is privileged absolutely, without regard to his intent, if it is relevant, or believed on reasonable grounds to be so, or if it is responsive to an inquiry by court or counsel; also that every statement made by a witness on the stand is presumptively within this privilege, and that in an action for slander based thereon, it is incumbent on the plaintiff to overcome the presumption.

*Appeal from the Louisiana Court of Common Pleas.—*
HON. REUBEN F. ROY, Judge.

AFFIRMED.

*W. H. & N. W. Morrow* for appellant.

*Fagg, Ball & Hicks* for respondent.

ROMBAUER, P. J.—The action is slander. The petition charges that the defendant willfully, wantonly and maliciously, spoke of and concerning the plaintiff certain words, imputing to him the crime of larceny, in the presence and hearing of certain persons named. The answer denies that the defendant willfully, wantonly and maliciously, spoke the words in the presence and hearing, etc. If by this answer it was intended to deny the speaking of the words, the answer is bad, as an answer in that form under well settled rules admits the speaking and denies the malice and other attendant circumstances only. *Emory v. Phillips*, 22 Mo. 499; *Tomlinson v. Lynch*, 32 Mo. 160. It is not sufficient under the code to negative the precise words of the petition. We mention this fact because, among the errors assigned, although not pressed on our attention, is one that the speaking of the words was not sufficiently proved. There was, however, in this case, sufficient proof of the speaking of the words.

The cause was tried by a jury, the trial resulting in a verdict for plaintiff for $100. The assignments of error which are mainly pressed on our attention are the insufficiency of the petition under the law in force when the cause was tried, the insufficiency of the verdict, and the ruling of the court upon the instructions.

The petition was filed in October, 1893, and the cause was tried in November, 1895. The petition

prayed for damages in a gross sum, without separating the compensatory and punitive damages, and the jury awarded damages in a gross sum. The act of 1895 (Laws, 1895, p. 168), requires that in all actions, where exemplary or punitive damages are recoverable, the petition shall state separately the amount of such damages sought to be recovered, and the jury shall state separately in their verdict the two kind of damages awarded. This law was in force when the action was tried, but it did not govern this proceeding as the action at bar was instituted prior to the passage of the law. Revised Statutes, 1889, sec. 6594; *State v. Ross*, 49 Mo. 416; *Thompson v. Lyon*, 33 Mo. 219; *Powers v. Kueck-hoff*, 41 Mo. 425. Hence this assignment of error is without merit.

The assignment of error mainly relied on arises upon the refusal of three instructions asked by the defendant, all of which were to the effect that, if the jury found that the words charged to have been spoken were spoken by the defendant while he was being cross-examined as a witness, and that he was merely undertaking to repeat, in answer to a question asked him, what he had said to plaintiff in a former difficulty between them, the plaintiff could not recover.

There was no controversy touching the fact that the actionable words were spoken by the defendant while he was being cross-examined as a witness in a legal proceeding. There is, however, no pretense that they were *responsive* to any question propounded to him, and a careful analysis of the evidence has satisfied us that there is no substantial evidence in the record that they were intended by him to be a mere repetition of what he had formerly stated. We have very fully examined the law touching the privileged remarks of witnesses in the recent case of *Crecilius v. Bierman*, 59 Mo. App, 513, and have there fully defined the charac-

Lamberson v. Long.

ter and extent of such a privilege. Under that definition the utterance complained of could not be absolutely privileged, because it was not responsive to any question propounded by counsel, nor did it fairly arise out of any question propounded by counsel. It is well settled that a remark made by a witness in the box, wholly irrelevant to the matter of inquiry and uncalled for in any question of counsel, but introduced by the witness maliciously for his own purposes, will not be privileged. Odgers on Libel and Slander, top page 144. In order to make a statement which is not responsive to a question, and which is irrelevant to the issue, *relatively* privileged, it is incumbent upon the defendant to satisfy the jury that the statement was made by the witness because he deemed it relevant on reasonable grounds, and, moreover, that the witness believed the statement to be true. Had the instructions refused contained these qualifications, it would have been error to refuse them, since there was evidence in the case supporting that hypothesis. As they did not contain these qualifications, but were based upon a hypothesis unsupported by any substantial evidence in the record, we can not put the trial court in the wrong for refusing them.

It thus appears that neither of the errors assigned are well assigned, and hence the judgment must be affirmed. So ordered. All the judges concur, Judge BOND in the result.

### CONCURRING OPINION BY JUDGE BOND.

BOND, J.—Being unable to agree to all the expressions used in the opinion of my associates, it becomes necessary to state separately my views of the law applicable to this case:

I.  A statement made by a witness in a judicial proceeding is presumptively privileged. If the state-

ment is relevant, or believed on reasonable ground to be relevant to the issues on trial, or if it is responsive to an inquiry by court or counsel, the privilege becomes absolute irrespective of the intent of the utterer.

II. To overcome the *prima facie* presumption of privilege arising from the occasion, it is incumbent on the *plaintiff* (in an action of slander or libel) to show that the statement of the witness was not responsive to a question asked by the court or counsel, and that it was not believed on reasonable grounds to be relevant to the issues on trial. If the jury believes the evidence adduced to this effect, all presumption arising from the fact that the statement was made under examination in court ceases, and the statement, if actionable *per se*, will authorize a recovery. These principles are sustained by the cases cited in my opinion in *Crecelius v. Bierman*, 59 Mo. App. 513. As defendant's instructions did not conform to these rules, they were properly refused.