# JONES et al., Appellants, v. BROWNLEE.

## Division Two, March 26, 1901.

1. **Libel:** ABSOLUTELY PRIVILEGED COMMUNICATIONS: PLEADINGS IN CIVIL ACTIONS. A defamatory statement made in a pleading in a civil suit in a court having jurisdiction of the cause, if relevant and pertinent to the issues, is absolutely privileged, and being such, no suit for damages can be based on them by the person whom they seem to smirch.

2. ———: ———: ———: PERTINENT AND RELEVANT: MATTER FOR COURT. And whether or not the defamatory matter was pertinent and relevant to the subject-matter of the cause in which they were used in the pleadings, is a matter of law for the court, and not a matter of fact for the jury.

3. ———: ———: ———: ———: DIVORCE. In a suit for divorce brought by a husband against his wife, she in her answer charged that he had "been guilty of consorting and cohabiting with other women, including Ella Jones," the plaintiff in this libel suit against said wife. The evidence shows that Mrs. Jones was not guilty as charged, and the pleading was framed by defendant's counsel on statements made to them by her, and her statements were based on hearsay. *Held,* that the said answer, whether true or false, or whether definite enough in its averments, was relevant to the issue in the divorce case, and was a privileged communication for which an action for libel can not be maintained, and the fact that plaintiff was not a party to said divorce suit does not take her case out of the rules governing absolutely privileged communications.

4. ———: ———: ———: PRACTICE: DIFFERENT THEORY AT THE TRIAL. Where the libel case was tried on the theory that the defamatory words were not absolutely privileged but only conditionally so, and the verdict of the jury is for the defendant, this court will let the judgment stand without examining each exception saved at the trial, if the defamatory words were in fact absolutely privileged.

Jones v. Brownlee.

Appeal from Knox Circuit Court.—*Hon. E. R. McKee,* Judge.

AFFIRMED.

*O. D. Jones* and *C. D. Stewart* for appellants.

Privilege is classed as absolute and conditional. In this particular case it is conditionally privileged, there being evidence to show want of good faith and bad intent on the part of defendant in charging the plaintiff with adultery, and it was the duty of the court to submit the question to the jury. Townshend on Libel and Slander (4 Ed.), p. 514. The fact that defendant did not have any evidence to establish the charge, and the absence of any allegation in the answer as to the truth of the libel, would deprive defendant of the plea of absolute privilege. There could be no question then to determine, but whether it was charged in malice. If the defamatory matter be irrelevant to the matter in hand, or if the party defending maliciously insert defamatory matter in this pleading, then, in such case, the party aggrieved may maintain his action for libel. Townshend on Libel and Slander (4 Ed.), p. 332; Dada v. Piper, 41 Hun 254; Prescott v. Tousey, 53 N. Y. Sup. Ct. 65; Perzel v. Tousey, 52 Id. 79. Yet the whole of defendant's evidence was admissible only for the purpose of deciding the question as to whether it was privileged. The privilege question is for the court. Hyde v. McCabe, 100 Mo. 418; Callahan v. Ingram, 122 Mo. 365.

*L. F. Cotley, G. R. Balthrope,* and *F. H. McCullough* for respondent.

The alleged libel was absolutely privileged, and hence it follows that the petition does not state facts sufficient to con-

stitute a cause of action.   No action will lie for defamatory statements made in the course of a judicial proceeding before a court of competent jurisdiction, which are pertinent and relevant to the issues before the court.   Everything that a judge says on the bench, or a witness in the box, or counsel in arguing, is absolutely privileged, so long as it is in any way connected with the inquiry.   So are all documents necessary to the conduct of the cause, such as pleadings, affidavits, and instructions to counsel.   13 Am. and Eng. Ency. Law (1 Ed.), pp. 406 to 410; Townshend on Slander and Libel (2 Ed.), secs. 220, 221 and 222; Rubelman v. Luehman, 14 Mo. 601; Hyde v. McCabe, 100 Mo. 418; Crecelius v. Bierman, 59 Mo. App. 523; Callahan v. Ingram, 122 Mo. 365; Sullivan v. Com. Co., 152 Mo. 279; Garr v. Selden, 4 Const. (N. Y.) 91; Marsh v. Ellsworth, 50 N. Y. 305; Thorn v. Blanchard, 5 Johns. (N. Y.) 522; Bartlett v. Christhilf, 69 Md. 219; Hartsock v. Reddick, 6 Blackf. (Ind.) 255; Henderson v. Broomhead, 4 Hurl. & Nor. 569; Hardin v. Cumstock, 12 Am. Dec. 427; Allen v. Crofoot, 20 Am. Dec. 647; Vausse v. Lee, 26 Am. Dec. 168.

GANTT, J.—This is an action for libel alleged to have been made by appellant, Mrs. Brownlee, in an answer and cross-bill filed by her in a suit brought by her husband, E. C. Brownlee, against her, for divorce, in the circuit court of Knox county, in this State.

The alleged libel consists in the following averment in the answer and cross-bill of defendant in said divorce proceeding: "And for further cause of divorce defendant says and charges it to be a fact that since the marriage aforesaid the plaintiff (meaning the said E. C. Brownlee) has been guilty of consorting and cohabiting with other women, including Mrs. Ella Jones."

Jones v. Brownlee.

The petition avers that said charge was wantonly, willfully, and maliciously made by defendant without any evidence to sustain it, and when defendant well knew of her own knowledge that she had no evidence to sustain it; that said charge was false and untrue and was not made in good faith with any intention of attempting to sustain it by proof; that defendant, knowing she could not sustain said answer by proofs, subsequently withdrew the same, and let judgment go for her husband without contesting the same; that said libelous words were not privileged and plaintiff was injured and damaged in her reputation as a wife and mother in the sum of twenty-five hundred dollars, actual damages, and twenty-five hundred dollars for exemplary and vindictive damages.

Defendant in her answer admits that she was formerly the wife of E. C. Brownlee; that he sued her for divorce and in her answer she used the words charged and quoted in plaintiff's petition. She denied all the other allegations.

Defendant further answered that she made the said allegation of consorting and cohabitation in the divorce suit to which she was a party, in a court of competent jurisdiction; that it stated a statutory cause of divorce, and was pertinent and relevant to the issues in said divorce suit and was therefore a privileged communication and as such is a full defense to this action.

She further answered that said statement was made in her answer in a suit against her by her husband for divorce in a court of competent jurisdiction; that she was compelled to and did employ counsel to take charge of and conduct her defense; that she fully and frankly stated to her said counsel all the facts within her knowledge and all the facts which with reasonable diligence she could learn as to the guilt or innocence of plaintiff of the said accusation; that all her communications in that regard were made in good faith to her said counsel,

with a view to obtain their advice and her said attorneys advised her that said accusation should be made in her said answer in said divorce suit; that at the time she had reason to believe and did believe she could sustain said allegation by evidence on the trial of said suit, and that said allegation was true; that said allegation was pertinent to the issues in said suit and was made in full expectation at the time that she would go to trial upon it; that pending said suit she filed a motion for alimony, which motion was overruled, but while said motion was pending her husband filed a bill in equity to set aside a conveyance he had made to her to property of the value of $2,000, claiming that in filing her said motion she had violated the agreement upon which he had deeded the same to her, and fearing she might lose said equity suit and said land, and being perplexed and to obtain the dismissal of said suit, she agreed to and did withdraw her answer and made no further appearance in said suit.

The reply charged that said answer was not filed in good faith and constituted no defense and was not a privileged communication.

The case was tried to a jury, under the theory that the alleged libel was a qualified privileged communication, and defendant liable if express malice was shown in making said accusation against plaintiff.

On behalf of plaintiff the evidence tended strongly to show that the charge was false and that she was innocent. That Dr. Brownlee, the husband of defendant, was a dentist at Edina, Missouri; that plaintiff was married to her co-plaintiff in Kansas City where her parents lived at the time; that several years later her father purchased a farm near Edina, and plaintiff and her child, a little girl, were in the habit of spending the summer months on the farm with her parents; that she employed Dr. Brownlee to treat her teeth and became ac-

quainted with his wife, the defendant, and they were good friends; that plaintiff and her husband afterwards moved to St. Louis where her husband was engaged as salesman in a large mercantile house; that plaintiff continued to visit her parents in the summer and her husband would come up and spend his vacation.

The evidence of plaintiff, Dr. Brownlee, plaintiff's father and mother fully substantiated her innocence of any improper conduct with Dr. Brownlee.

Defendant did not justify, but introduced evidence of information she received from other persons upon which she based her allegations in the answer. She testified that she had no malice towards plaintiff and she and her attorneys testified that she disclosed all the information she had when she filed her answer.

This evidence was largely hearsay and very inconclusive.

Many exceptions were saved to the admission and rejection of evidence and to the giving and refusal of instructions.

I. This cause was tried in the circuit court on the theory that the alleged libelous allegation in defendant's answer and cross-bill to her husband's suit against her for divorce was a qualified or conditionally privileged communication, and not absolutely privileged. The finding was for defendant, and counsel for defendant now urge that if the communication was in fact absolutely privileged, then the judgment must be affirmed, even if error occurred in other respects.

Some of the questions presented by this appeal have not been decided by this court. The general proposition was involved in Hyde v. McCabe, 100 Mo. 412, but the majority of the court held in that case that the libelous matter contained in an affidavit in opposition to another affidavit, made as a basis for a rule requiring security for costs, was not sufficiently relevant or pertinent to afford the affiant a privilege.

As said in that case, there are occasions on which written or spoken words, otherwise libelous and defamatory, are not actionable as a libel. The rule is founded upon reasons of public policy.

At common law, it was broadly ruled that no action for libel could be maintained for any defamatory matter contained in a pleading in a court of civil jurisdiction.

Thus, Townshend on Libel and Slander (4 Ed.), section 221, lays it down, that, "In a civil action, whatever the complainant may allege in his pleading as or in connection with his grounds of complaint, can never give a right of action for libel. The immunity thus enjoyed by a party complaining extends also to a party defending; whatever one may allege in his pleading by way of defense to the charge brought against him or by way of countercharge, counterclaim or setoff, can never give a right of action."

In Seaman v. Netherclift L. R. 1 C. P. D. 540, Lord COLERIDGE, C. J., said, "Now, a long course of authorities, of which perhaps the best known, as the most remarkable, is the case of Astley v. Younge (2 Burr. 807), has decided that no action of slander can be brought for any statement made by the parties either in the pleadings or during the conduct of the case. The law is also stated very clearly by Lord ELDON in Johnson v. Evans (3 Esp. 32); it is so stated also, not indeed with absolute certainty, in a note to the well known case of Hodgson v. Scarlett, the author of which note, we learn from Baron ALDERSON, in Gibbs v. Pike, 9 Mees. & W. 358, to have been Mr. Justice HOLROYD himself. But I conceive the law on this point to be now quite certain, although most men of any experience in the profession must have seen many instances in which judicial proceedings have been made by parties to them to serve ends of private malignity."

While the English courts so hold, the American courts

quite generally modify the rule to this extent, of holding that the pleading must be in a court having jurisdiction of the subject-matter and the defamatory words must be pertinent or relevant to the matter in hand, or, as sometimes said, must not be irrelevant to the subject-matter of the action or suit before the court.

It may, we think, be safely asserted that according to the English decisions the parties to a civil suit are not liable to an action for libel, however libelous and malicious the language may be, whether in reference to the opposite parties or to strangers.

Lawson v. Hicks, 38 Ala. 279, was an action of libel brought by a plaintiff against the defendant for defamatory language in a cross-interrogatory propounded to a witness in a former suit between the parties. It was held there were two classes of privileged communications, one absolutely privileged, the other conditionally. The first affords absolute immunity from suit; the other removes the presumption of malice which follows from slanderous words and requires proof of express malice.

Among absolute privileged communications are words spoken or written in the due course of legal proceedings which are relevant and pertinent to the issues therein.

From the report of Hyde v. McCabe, 100 Mo. 412, we think such was the conclusion reached by this court in that case, but as the court held the libelous words were irrelevant and gratuitous libels, an action could be maintained on them, if shown to have been falsely and maliciously uttered or written.

In the determination of the relevancy or irrelevancy of the defamatory words which are the basis of this action, we must necessarily keep in view that they were part of a pleading filed by defendant in an action brought by her husband against her in the circuit court of Knox county to obtain a

divorce from her. That court had jurisdiction of that class of cases and over the parties to that suit.

If, as alleged in that answer the defendant's husband was guilty of consorting and cohabiting with other women, it would not only have defeated his suit for divorce, but, if defendant was herself without fault, it would have justified the court under our laws in awarding her a divorce from plaintiff. The defamatory words, then, constituted a charge which the court was authorized to consider in rendering its judgment, and was therefore pertinent.

In Hawley v. Wolverton, 5 Paige 522, the chancellor in passing upon the relevancy of a statement in the bill, said "And where any allegation or statement contained in the bill may affect the decision of the cause, if admitted by the defendant or established by proof, it is relevant and can not be excepted to as impertinent."

In Ruchs v. Backer's Next Friend, 6 Heisk. 395, a young lady, a third person, was charged to be a common prostitute, and the court held the allegation was relevant.

And in a most luminous and exhaustive discussion of this whole subject in Johnson v. Brown et al, 13 W. Va. 71, it was ruled that whether in such a case libelous matters, if contained in the pleadings in a cause, are or are not pertinent to the cause, is a question of law which ought to be decided by the court and not a question of fact to be submitted to a jury, citing with approval State v. Williams, 30 Mo. 365, and that such a course does not invade the province of a jury to find a particular publication is or is not a libel, but is simply performing the duty which devolves upon a court to determine all pure questions of law in any and all cases.

In Sullivan v. Strathan-Hutton-Evans Co., 152 Mo. 268, it was ruled that whether or not words used in a letter were privileged was a question of law for the court.

In State v. Williams, 30 Mo. 365, it was held error to submit to a jury whether certain words were material in a prosecution for perjury.

And it is generally held that, on demurrer, it is the province of the court in the first instance to determine whether a cause of action is based upon an absolutely privileged communication.    [Forbes v. Johnson, 11 B. Mon. 48; Strauss v. Meyer, 48 Ill. 385; Garr v. Selden, 4 Comstock, 91.]

The petition having alleged the pendency of the divorce case between plaintiff's husband and herself in a court of competent jurisdiction, and having shown on its face that her answer was a pleading in that civil case, and it appearing to us that, tested by the rules of law, the said answer, whether true or false, or whether definite enough in its averments, was relevant to the issues in that case, in our opinion it was a privileged communication for which an action for libel can not be maintained, unless the fact that plaintiff was not a party to said divorce suit takes her case out of the principles already announced.

At common law we think it was established that the fact that a third party was scandalized would not change the principle of public policy upon which the privilege is founded.    In Henderson v. Broomhead, 4 Hurl. & Norman 568, it was held that an action of libel would not lie against a party who in the course of a civil cause made an affidavit in support of a summons taken out in said cause which was scandalous, false, and malicious, though the person scandalized and who complained was not a party to said cause—all the judges concurring.    And to the same effect, Johnson v. Brown, 13 W. Va. 136.

With the exception of Ruohs v. Backer's Next Friend, 6 Heisk. 395, we have not been able to find any case either in England or the United States which holds that an absolutely privileged communication made in a pleading in a cause, ceases

to be such when written or spoken of one not a party to the suit.

We think, with Judge GREEN in Johnson v. Brown, 13 W. Va. 71, that such a distinction can not be made without disregarding the public policy upon which the whole rule depends.

There are so many cases in which the rights and character of persons who are not parties to a suit become collaterally the subject of inquiry, and the right to make such inquiry so unquestionable, that no good reason for making the exception can be given so long as the rule itself is maintained.

To the argument made in all these cases that no person should be privileged to do injury to another, Lord PENZANCE, in Dawkins v. Lord Rokeby, L. R. 7 House of Lords Cases, 741, answered, "This mode of stating the question assumes the untruth and assumed the malice. If by any process of demonstration free from the defects of human judgment, the untruth and malice could be set above and beyond all question or doubt, there might be ground for contending that the law should give damages to the injured man. Whether the statements were, in fact, untrue, and whether they were dictated by malice, are, and always will be, open questions, upon which opinion will differ, and which can only be resolved by the exercise of human judgment. And the real question is, whether it is proper on grounds of public policy to remit such questions to the judgment of a jury. The reasons against doing so are simple and obvious. A witness may be utterly free from malice, and may yet in the eyes of a jury be open to that imputation; or, again, the witness may be cleared by the jury of the imputation, and may yet have to encounter the expenses and distress of a harassing litigation. With such possibilities hanging over his head, a witness can not be expected to speak with that free and open mind which the administration of justice requires.

Jones v. Brownlee.

"These considerations have long since led to the legal doctrine that a witness in the courts of law is free from any action; and I fail to perceive any reason why the same considerations should not be applied to an inquiry like the present."

Holding as we do that the same policy should govern when reference is made to a third party in a relevant and pertinent pleading as to the parties themselves, we see no reason why we should not hold that the communication which is made the basis of this suit is absolutely privileged.

According to the great weight of authority it appears to us to be clearly within that class.

This being so the defendant was not liable even though her charge was false, and as the verdict was in her favor it ought not to be disturbed. With this view of the law on the fundamental question in the case it is deemed unnecessary to examine and determine each exception saved in the circuit court.

The question was not whether plaintiff was guilty of the misconduct charged in defendant's answer, but whether, however false it may have been, it was privileged. We have held that it was, and however grievous it may appear to plaintiff that she has no remedy for the aspersion cast upon her, such is the law according to our best judgment.

The defendant did not plead justification, or the truth of the libelous words, and only offered evidence to show she made the allegation upon what appeared to her at the time as reasonable grounds for so doing. Conceding all she proved, it did not establish the truth of said allegation, but this failure to maintain the averments of her answer did not deprive her of absolute privilege which the law secures to her.

It results that the judgment of the circuit court must be and is affirmed upon this ground alone.

All concur.