GEORGE E. GROES, Appellant, v. HENRY WHITE, Respondent.

Kansas City Court of Appeals, April 7, 1919.

SLANDER AND LIBEL: Privileged Communications.  In the trial of an action involving the liability of the executors of a will for not collecting the rent of a farm, or making it out of the crop

raised thereon, and the extent of that liability, the tenant testifying as a witness on cross-examination was asked "Did you get all the corn grown on the place (the farm in question) except what Wichman got" to which he replied "Yes, all but what George Groves stole." *Held*, that the answer was not only fairly responsive to the question but also pertinent and material to the inquiry and was privileged as a matter of law.

Appeal from Linn Circuit Court.—*Hon. Fred Lamb, Judge.*

AFFIRMED.

*H. J. West* for appellant.

*Bailey & Hart* for respondent.

TRIMBLE, J.—Plaintiff sued defendant for slander. The trial court sustained a demurrer to the petition and plaintiff has appealed.

The following facts appear from the petition: John P. Sharp leased a portion of his farm to defendant White and another portion to one Eichman for the crop season of 1916. Thereafter said Sharp died testate, March 24, 1916, leaving a widow and certain children.

The estate was administered in the probate court by J. W. Moore and Linville Sharp, executors of decedent's will. When the executors, in 1917, filed their final settlement, plaintiff Groes (who had bought the interest of some of the children in the estate), filed objections and exceptions to said final settlement, and on or about June 4, 1917, the issues raised thereby were tried in the Probate Court.

The issues raised by the exceptions and tried by the probate court were whether the executors had used due diligence in collecting rent from the defendant herein, Henry White, for that part of the land he had rented from decedent Sharp and had occupied in 1916, and in allowing said tenant to haul away property belonging to said estate, charged to have been hauled away and converted by said tenant, and in failing to collect the

value of same from said tenant; and whether or not the final settlement should be approved, including the *extent* of Executor's liability, if any, to the legatees and distributees of said estate on account of their alleged lack of diligence.

During the trial of these questions in probate court, and while White, the defendant herein, was on the stand testifying as a witness, and being cross-examined by the attorney for the exceptor, Groes, this question was asked defendant: "Did you get all the corn grown on the place (meaning the John P. Sharp farm herein-above referred to), except what Eichman got?" To which question the witness, defendant herein, replied, "Yes, all but what George Groes stole."

The question raised by the demurrer is whether the statement made under the above circumstances is absolutely privileged. This was a question of law for the court. [Sullivan v. Strathan, etc., Commission Co., 152 Mo. 268, 283; Jones v. Brownlee, 161 Mo. 258, 266-7.] If privilege exists, it extends to a case where the statement complained of is concerning a person not a party to the record. [Jones v. Brownlee, supra, l. c. 265.]

The matter under consideration in the trial before the probate court involved the questions of the liability of the executors for not collecting the rent or making it out of the crop and the extent of that liability. The exceptor's counsel was asking as to the amount of corn the tenant got. It would seem that if any were surreptitiously taken or stolen from the farm, this would affect the extent of the liability of the executors since they could not be held responsible for not making the rent out of that part stolen and carried away. The question asked was directed to the issue of the executors' liability and the extent thereof, and the statement complained of was made in answering the direct question above specified. The statement was, therefore, in our opinion, not only fairly responsive to the question but also pertinent and material to the inquiry. We need not, therefore, go into the question whether the rule in

Missouri is that even if the statement is made on the witness stand in answer to a direct question, still the answer must be relevant or it will not be absolutely privileged. Both of these elements exist in the case now before us, and the court did right in sustaining the demurrer, for the answer was privileged as a matter of law. [Newell on Slander and Libel (3 Ed.), sec. 535, p. 544; 25 Cyc. 381; Crecelius v. Bierman, 59 Mo. App. 513; Jones v. Brownlee, 161 Mo. 258, 268; Hyde v. McCabe, 100 Mo. 412; Lamberson v. Long, 66 Mo. App. 253; Calkens v. Sumner, 13 Wis. 215; Hutchinson v. Lewis, 75 Ind. 55; Townshend on Slander and Libel (4 Ed.), sec. 223.]

The judgment is affirmed. All concur.