LEONA MCGINNIS, APPELLANT, v. J. W. PHILLIPS, RESPONDENT.

Kansas City Court of Appeals. May 5, 1930.

*T. J. Madden* and *L. T. Dryden* for appellant.

*E. C. Hamilton* and *Burns Strader* for respondent.

BLAND, J.—This is an action for slander. There was a verdict and judgment in favor of plaintiff in the sum of $500 actual and $500

punitive damages. However, the court sustained defendant's motion for a new trial and plaintiff has appealed.

The facts show that defendant owned a farm in Jackson County, Missouri, near Buckner where he resided. In the spring of 1922 defendant employed plaintiff's husband George R. McGinnis, as a farm hand and McGinnis worked for defendant, residing on the latter's farm, until about the month of September, 1925. In the summer of 1925 a disagreement arose between McGinnis and the defendant, resulting in a filing of a suit by defendant herein against McGinnis in the justice court for the possession of the farm. McGinnis appeared and defended the suit, claiming that under an oral agreement with the defendant herein he was entitled to the possession of the farm until the first of March, 1926. There was no written contract between the parties and they disagreed as to what were the terms of the agreement relative to the time for which McGinnis was employed and as to his right to occupy the farm. This became an issue in the trial before the justice. The jury in the justice court rendered a verdict in favor of McGinnis.

The plaintiff in this case was a witness on behalf of her husband in the trial in the justice court. During the course of that trial and while plaintiff herein was testifying as to the nature of the agreement between McGinnis and the defendant herein (stating that she was present and heard the agreement made which was that her husband was employed for a year from the first of March, 1925), defendant herein, who was represented by counsel in that case, "rose up partially" from the chair in which he was sitting and said, "rather in a loud tone of voice," "that is a lie."

The justice court was in the back or rear room of the bank building in Buckner. After all of the testimony was in, the case had been argued and the room cleared of all persons present except the jury, defendant herein as he passed out of the court room into the front of the building or the bank room stated, "they" (meaning plaintiff herein and her husband) "lied," "they swore to lies." It was the words spoken by the defendant herein in the bank room of the building after the trial was over that are alleged in the petition as constituting slander and are the basis of this action.

The testimony relative to what defendant herein stated in the justice court, that is, "that is a lie" was objected to by the defendant. However, the court admitted it but solely for the purpose of showing malice on the part of the defendant. In granting the new trial the court stated his reason therefor as follows: "On the ground that I erred in holding that the remarks made in the court room were admissible in the evidence for the purpose of showing malice."

It is insisted by the plaintiff that the remarks made in the court room were admissible for the purpose of showing malice upon the

part of the defendant in uttering the words after the trial was over in the bank room, which utterance is the basis of this action. We are of the opinion that the statement of the plaintiff at the trial "that is a lie" was absolutely privileged, as being uttered in the course of a judicial proceeding and relevant to the issue then on trial and particularly as to the issue upon which the witness was then giving testimony. Under the circumstances there is an irrebuttal presumption that they were uttered without malice and therefore could not in any other proceeding be introduced in evidence on the question of malice. [36 C. J. 1250; Badgley v. Hedges, 2 N. J. Law 217; McDavitt v. Boyer, 169 Ill. 475; Cooley v. Calyon, 70 S. W. 607 (Tenn.); Nissen v. Cramer, 10 S. E. 676 (N. C.); Groes v. White, 201 Mo. App. 248; Jones v. Brownlee, 161 Mo. 258.]

In the case of Badgley v. Hedges, supra, the plaintiff was a witness in a court for the trial of small causes and immediately on her testifying to a fact while she was under examination, the defendant therein said "that is a lie, and I can prove it," and a little while afterwards said, "and I think I can prove it." There was a judgment in favor of the plaintiff and against said defendant. The court stated, l. c. 220:

"This judgment cannot be sustained. It is abundantly evident from the record, that the words charged in the three first counts were spoken in a court of law, in the progress of a trial, and in the course of justice; that the language was uncivil, and merited the censure of the justice, before the testimony was given, is very clear; but they are not actionable; nothing is more common than for a party to say in his defense, that the evidence given against him is not true, and that he can prove it."

The holding of the court in that case was to the effect that the words which were the basis of the action were absolutely privileged, and so we think were the words used by the defendant in the court room in the case at bar.

It is true, that words that otherwise would be slanderous, even though uttered in a court room, must be relevant and pertinent to the issues to be absolutely privileged. [Hyde v. McCabe, 100 Mo. 412, 418; Sherwood v. Powell, 63 N. W. 1103 (Minn.); Clemmons v. Danforth, 32 Atl. 626; Hoar v. Wood, 44 Mass. 193.]

"There is difficulty in determining in some cases what is relevant or pertinent. In determining the question the courts are liberal, and the privilege embraces anything that may possibly be pertinent. All doubt should be resolved in favor of its relevancy or pertinency.

"The matter to which the privilege does not extend must be so palpably wanting in relation to the subject-matter that no reasonable man can doubt its irrelevancy." [36 C. J., pp. 1252, 1254.]

The statement of counsel in a court of justice in order to come within the rule of absolute privilege must be relevant and pertinent though he may use strong invectives and exaggerated expressions. [See Newell Slander and Libel (4 Ed.), p. 393.] However, the same author at page 394 states:

"This privilege must be restrained by some limit; and we consider that limit to be this; that a party or counsel shall not avail himself of his situation, to gratify malice by uttering slanderous expressions, either against a party, witness or third person, which have no relation to the cause or subject-matter of the inquiry. Subject to this restriction, it is on the whole, for the public interest, and best calculated to subserve the purposes of justice to allow counsel full freedom of speech in conducting the causes, and advocating and sustaining the rights, of their constituents; and this freedom of discussion ought not to be impaired by numerous and refined distinctions."

Again the same author at page 399 states:

"The same privilege enjoyed by an attorney also protects a party when acting as his own attorney, and *even when he is not acting as his own counsel.*" (Italics ours.) [See, also, 36 C. J., pp. 1256-7.] Even where the remarks are not pertinent or relevant the statement is conditionally privileged and to support an action for slander plaintiff must prove the existence of express malice. [Newell Slander and Libel, p. 402 (4 Ed.); 36 C. J., p. 1252; Hyde v. McCabe, supra.]

We have examined the case of Dodge v. Gilman, 142 N. W. 147, cited by defendant and find that the words uttered by the defendant in the court room in that case were wholly irrelevant to the issues in the case on trial and it was so held by the court in that case. The facts in that case are not like those in the case at bar.

In actions for libel or slander evidence is admissible of other acts or defamatory publications or utterances by the defendant against the plaintiff for the purpose of showing malice, though the jury cannot award damages for such acts or declarations. However, this rule does not permit the introduction in evidence of privileged communications which cannot themselves form the basis of an action for libel or slander, for the purpose of showing malice in other communications. [17 R. C. L., pp. 410, 411, 434, 435; 37 C. J., pp. 80, 81, 82; Shinglemeyer v. Wright, 124 Mich. 230; Watson v. Moore, 2 Cush. 133; McLaughlin v. Charles, 14 N. Y. S. 608; Lauder v. Jones, 13 N. D. 525; McDavitt v. Boyer, supra; Fahr v. Hayes, 13 Atl. 261 (N. J.); Thompson v. McCready, 45 Atl. 78; Hayden v. Hasbrouck, 42 L. R. A. (N. S.) 1109 (R. I.).]

We have examined the case of Davis v. Starrett, 55 Atl. 516, and approve of what the Supreme Court of North Dakota said of that case in the case of Lauder v. Jones, supra, l. c. 557:

"The contrary view, expressed in Davis v. Starrett, 97 Me. 568, 55 Atl. 516, and relied upon by plaintiff's counsel, is based upon reasons which wholly ignore the presumption of good faith with which the law clothes all statements made upon privileged occasions."

It is insisted that the defendant is estopped from complaining of the admission of the evidence in question because his counsel injected the matter into the case in his opening statement to the jury. As the opening statement is not contained in the abstract furnished by the plaintiff and there being nothing in the abstract bearing upon the contention now made by her, the point will be ruled against plaintiff. [Eubanks v. Ins. Co., 24 S. W. (2d) 715.]

Plaintiff makes the point that:

"No proper and sufficient objection was made by respondent's counsel when the evidence as to what respondent said in the court room, to-wit: 'That's a lie,' was offered.

"Objections to evidence on grounds not distinctly stated at the time the evidence was offered are waived."

Numerous cases are cited in support of plaintiff's contention but we find them not in point. By reading the entire argument upon this point contained in plaintiff's brief we find that plaintiff is not urging that the objection was not timely made, but that it was made upon the ground that the words spoken by defendant in the justice court were not pleaded in the petition and not upon the ground upon which the court sustained the motion for a new trial. An examination of the record discloses that defendant herein made the same statement in reference to McGinnis' testimony when the latter was testifying in the justice court as he did when the plaintiff was testifying, but upon motion of the defendant the court struck out the testimony relative to what defendant said when McGinnis was testifying. Thereupon the following occurred:

"MR. HAMILTON: I want to renew my objections to all of this testimony in regard to what was said there in the court room for the reason that Mr. Phillips was present there defending his own case in the court and was privileged in his remarks.

"THE COURT: Now, I won't pass upon the merits of this case until later on—objection overruled. I will decide the law when I have time to hear you gentlemen argue it."

Plaintiff insists that this was not a sufficient objection to the testimony in question because when counsel for defendant stated:

" 'I want to renew my objection.' This could only refer to the testimony as to what Phillips said when *Mr. McGinnis* was on the stand, because there had been no objection as to what was said when *Mrs. McGinnis* was testifying."

It is apparent that counsel for defendant was in fact objecting to the testimony relative as to what was said by the defendant in the

court room whether while plaintiff or her husband was testifying. He may have been under the misapprehension that he had theretofore made the objection. The court had just stricken out the testimony of the plaintiff as to what defendant said when her husband was testifying and it was unnecessary to further object to that testimony. The objection that we have quoted is broad enough to include anything said by the defendant during the trial in the justice court and could not have meant otherwise and the ruling of the court so shows.

Later, upon cross-examination of plaintiff, defendant's counsel examined her relative to what defendant said when she was testifying in the justice court and she testified that what defendant said was "It is a lie." Thereupon, counsel for defendant moved to strike out the statement of this witness "that he was in the court room and said that is a lie . . . for the reason it is not embraced in the petition and because it is not the words alleged to constitute slander." Thereupon, counsel for the plaintiff stated that what defendant said in the court room was admissible "on the question of malice." Thereupon, defendant's objection was overruled, the court stating "the testimony is permitted to be considered by the jury, as bearing upon the question of malice and for no other purpose."

It is claimed that counsel for the defendant in his cross-examination brought out the objectionable testimony himself and cannot now complain of the answers he received. However, the court having ruled against defendant when the objection was first made, he did not waive the objection by cross-examining the witness upon the subject. [McCue v. Schweer, 295 S. W. 816.]

It is also claimed by the plaintiff that the only ground of the objection was that the objectional words were not embraced in the petition; that in order for the objection to be effective in this court the grounds of the objection urged here must have been stated in the lower court. There is no question but that this statement of the law is proper, but counsel for the defendant had already objected to this line of testimony, giving a good reason for its exclusion and the one that is now relied upon by him in this court, and having once made the objection it was not necessary for him to repeat it. [Ex parte Dick & Bros. v. Ellison, 287 Mo. 139.]

There are no assignments of error in appellant's brief and no error is assigned in her points and authorities. Therefore, we probably would be justified in dismissing the appeal, but having decided the merits of the appeal against appellant it is unnecessary to pass upon this point.

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.