**Leo Warner WRIGHT, Plaintiff-Appellant,**

**v.**

**TRUMAN ROAD ENTERPRISES, INC.
d/b/a Bond Motors and Ervin Teeter, Defendants-Respondents.**

**No. 24992.**

Kansas City Court of Appeals.

Missouri.

June 2, 1969.

**14**

Donald F. Price, Kansas City, for plaintiff-appellant.

Alfred O. Hardy, Kansas City, for defendants-respondents.

CROSS, Judge.

Plaintiff filed this action against the defendant Truman Road Enterprises, Inc., d/b/a Bond Motors, and its employee-manager, defendant Ervin Teeter, seeking to recover damages for alleged slander.

Plaintiff alleges in his petition that he was arrested under a warrant issued in criminal proceedings instituted upon defendants' complaint charging "one Leo Wright" with the crime of drawing and delivering a $10.00 check to "Bond Motors", without sufficient funds for its payment and with intent to defraud; that plaintiff was in fact not the person who had written the check in question; that plaintiff was put to trial upon the criminal charge in a magistrate court which had jurisdiction of the cause; that during the trial defendant Teeter was duly sworn as a competent and material witness in the case; that testifying under oath as such witness, defendant Teeter (acting on behalf both of himself and his employer, defendant Truman Road Enterprises) "willfully, wantonly, maliciously and falsely" spoke of and concerning plaintiff certain false and defamatory words, to-wit: "(a) That he knew Leo Wright, the plaintiff, sitting in the court room. (b) That he saw plaintiff at the store at 3015 Troost making payments on furniture. (c) That plaintiff is the man who wrote the said check. (d) That plaintiff wrote and issued the check at a desk next to where defendant was sitting and he saw plaintiff write the check and hand the check to a clerk of defendant." The petition further alleges that plaintiff sustained resultant injury and prays both actual and punitive damages.

Upon trial, the cause was submitted to a jury and a verdict was returned against both defendants, awarding plaintiff $5,500.-00 actual damages and $2,750.00 punitive damages. Pursuant to defendants' motions alleging that defendant Teeter's statements were absolutely privileged because they were made in open court by a witness testifying on behalf of the state in the trial of a criminal cause, the trial court set the verdict aside and entered judgment for defendants. In the alternative the court sustained defendants' motions for a new trial under terms prescribed by Civil Rule 72.02, V.A.M.R. Plaintiff has appealed.

There is virtually no dispute of fact except as to the issues of damages. Plaintiff's evidence established the following stated circumstances and events. On June 14, 1965, at the business office of Truman Road Enterprises, one L. Wright (not the plaintiff) issued and delivered to its credit manager a $10.00 check on the Commerce Trust Company of Kansas City, as payment

on account for merchandise purchased. The check was endorsed and submitted for collection but was returned unpaid by reason of insufficient funds. Thereafter the check was submitted to the office of the prosecuting attorney of Jackson County. An information was issued and signed by an assistant prosecutor charging "Leo Wright" with drawing a check with intent to defraud, and filed in the Magistrate Court for the 4th District of Jackson County. The cause was docketed as Case No. C–6971, entitled, "State of Missouri v. Leo Wright". Thereafter, by reason of some error or inadvertence which is not explained by any evidence, the plaintiff in this case was arrested as the offending "Leo Wright", brought before the magistrate, admitted to bail, and later put to trial for the offense charged. Called as a witness for the prosecution, being duly sworn, and responding to interrogation by counsel, defendant Teeter identified plaintiff as "the man that wrote the check", testified that he saw plaintiff numerous times at Bond Motors making payments, and stated that while sitting at a nearby desk he saw plaintiff write the $10.00 check and hand it to the credit manager. Later, during cross examination, defendant Teeter became uncertain that plaintiff was the Leo Wright who wrote the check and told the magistrate "he couldn't be sure, that it had been such a long time." Whereupon, the magistrate dismissed the charge. The foregoing is essentially corroborated by defendants' evidence.

■ Contending here that the trial court erred in setting the verdict aside and entering judgment for defendants, plaintiff argues that "falsehoods stated under oath are slanderous per se and there is no privilege." This proposition is unsupportable. Even if it be conceded that defendant Teeter's statements relative to plaintiff were slanderous per se, as falsely and maliciously impugning to him the commission of a crime, it must be held as a matter of law that those utterances are not sufficient to support a verdict for slander, in view of the circumstances under which they were spoken.

■ In the law of defamation it is well settled that defamatory matter uttered or published in the due course of judicial proceedings by any of the participants, whether judge, party, attorney or witness, is *absolutely privileged* and will not support a civil action for defamation when connected with, or relevant or material to the cause at hand or subject of inquiry, although made maliciously and with knowledge of its falsity. Laun v. Union Electric Co. of Missouri, 350 Mo. 572, 166 S.W.2d 1065, 144 A.L.R. 622; 53 C.J.S. Libel and Slander, § 104, pp. 167–183; 144 A.L.R. Annotation, Libel and Slander—Privilege—Judicial Matters, p. 633; 33 Am.Jur. Sec. 146, p. 142.[1] The following rationale for the rule of absolute immunity is quoted from the Supreme Court's opinion in Laun v. Union Electric Co. of Missouri, supra:[2]

"'The rule of absolute immunity is founded, then, upon the principle that on certain occasions it is indispensable, or at least advantageous, to the public interest that persons should speak freely and fearlessly, uninfluenced by the possibility of being brought to account in an action for defamation. * * * Absolute privilege has been conceded on obvious grounds of public policy to insure freedom of speech where it is essential that freedom of speech should exist.'"

1. Also see Warren v. Pulitzer Pub. Co., 336 Mo. 184, 78 S.W.2d 404; Hancock v. Blackwell, 139 Mo. 440, 41 S.W. 205; McGinnis v. Phillips, 224 Mo.App. 702, 27 S.W.2d 467; Pulliam v. Bond, Mo. Sup., 406 S.W.2d 635.

2. Quoted by the Supreme Court from Judge Van Vechten Veeder's series of articles in volumes 3, 4, 9 and 10, Columbia Law Review, on the "History of Defamation" and "Absolute Immunity in Defamation" which are considered exhaustive classics of the law of defamation. Local citation is 9 Col.L.R. 465, 469.

With specific reference to the privilege accorded witnesses participating in judicial proceedings, 3 Restatement of the Law, Torts, Defamation, Sec. 588, p. 233, states as follows:

"A witness is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding and as a part of a judicial proceeding in which he is testifying, if it has some relation thereto."

Plaintiff has submitted no authority that disputes the principles of law above stated. In fact, none exists.

There can be no question that Teeter's entire testimony comes within the rule of absolute privilege. It is clearly and conclusively established by plaintiff's petition, and confirmed by his own evidence, that the allegedly slanderous statements upon which he bases his claim were made by Teeter in open court, as a witness sworn to testify as to material issues in the criminal cause being tried, and in response to pertinent questions propounded by counsel. Under those circumstances it was Teeter's unqualified privilege, as well as his duty, to speak freely and without fear of reprisal by suit for defamation. Even had he spoken with malice, he incurred no liability. Hellesen v. Knaus Truck Lines, Inc., Mo.Sup., 370 S.W.2d 341 (citing Laun v. Union Electric Co. of Missouri, supra). We accordingly rule that Teeter's statements were not actionable, that plaintiff's petition pleaded no cause of action for defamation, that the trial court erred in the first instance by submitting the cause to the jury, and that thereafter, no proper course of action was available to the court except to set the verdict aside and enter judgment for defendants.

■ It is immaterial that defendants had not affirmatively pleaded the defense of absolute privilege. Such pleading is unnecessary where, as in this instance, the facts giving rise to the defense of privilege are established by plaintiff's pleading. 53 C.J.S. Libel and Slander § 178, p. 280.

Plaintiff briefs additional points, contending that the instructions given by the court were proper, that the trial was otherwise conducted without error against defendants, and that the damage amounts awarded were within the evidence. Those questions would be relevant if we were considering whether defendants were entitled to a new trial because of error committed in plaintiff's favor. However, since the trial court's order granting a new trial was made only *in the alternative* and never became effective, the additional points are not material to our decision.

The judgment is affirmed.

All concur.