Sless RILEY, Appellant,

v.

Dewaine RILEY and Virginia Riley, Respondents.

No. WD 72317.

Missouri Court of Appeals, Western District.

April 26, 2011.

Daniel H. Miller, Columbia, MO, for Appellant.

Thomas R. Bellmann, Independence, MO, for Respondents.

Before: MARK D. PFEIFFER, P.J., THOMAS H. NEWTON, and ALOK AHUJA, JJ.

THOMAS H. NEWTON, Judge.

Ms. Sless Riley appeals the trial court's judgment dismissing her defamation action against Mr. Dewaine Riley, her former husband, and Ms. Virginia Riley, his mother, (collectively "Respondents"). Ms. Sless [1] alleged that Respondents defamed her during a judicial proceeding. Respondents filed a motion to dismiss on the grounds that, *inter alia*, the damages were insufficiently pleaded and the alleged defamatory statements were absolutely privileged. We reverse and remand.

**Factual and Procedural Background**

Ms. Sless petitioned for an *ex parte* order of protection against Mr. Riley. Mr. Riley and Ms. Virginia then petitioned for an *ex parte* order of protection against Ms. Sless. A hearing was held. Subsequently, Ms. Sless filed a petition for damages alleging that Respondents had invaded her privacy, harassed her, and defamed her by making false and malicious defamatory statements during the hearing for the *ex parte* orders. In her petition, Ms. Sless alleged that Respondents collectively stated: Ms. Sless had been convicted of assaulting Mr. Riley; conditions of her probation for the assault included no contact with him; she was a prostitute and "currently engaged in the business of exotic dancing"; the Missouri Division of Family Services had removed her children from the home; she "was stalking, harassing, and otherwise disturbing the peace of [Mr. Riley] despite being requested and ordered not to do so;" she "was engaged in a nefarious scheme to swindle and take advantage of [Mr.] Riley"; she abused and intimidated Mr. Riley; she committed

---

1. The parties' first names are used to prevent confusion; no disrespect is intended.

adultery; and she was trying to take away Ms. Virginia's house. Ms. Sless also alleged in the petition that the courtroom was almost filled to capacity when these statements were made. She further alleged that the statements were made so that "the court and other personnel in attendance [would] view [Ms. Sless] as a bad person" and that the statements cast her in a "negative light."

Respondents moved to dismiss the petition for failure to state a claim upon which relief could be granted because the alleged statements were absolutely privileged under the judicial proceedings privilege and the claim for damages was insufficiently pleaded.[2] Ms. Sless filed suggestions in opposition to the motion to dismiss, claiming dismissal was improper because the judicial proceedings privilege required a finding that the statements made during a proceeding were "germane" to the issues at the hearing for orders of protection," and the defamatory statements at issue were not germane to the determination of whether Respondents were entitled to an order of protection against her. Respondents filed a reply to Ms. Sless's suggestions, alleging, *inter alia,* the statements were relevant because they were admitted at the hearing without objection and they commented on Ms. Sless's credibility.[3] The trial court dismissed the petition with prejudice. Ms. Sless appeals, raising two points.

### Standard of Review

We review the dismissal of a petition to determine "if the facts pleaded and the inferences reasonably drawn therefrom state any ground for relief."

*Sterling v. Rust Commc'ns,* 113 S.W.3d 279, 281 (Mo.App.·E.D.2003). We deem alleged facts to be true and construe them liberally and favorably to the plaintiff. *Id.* When, as here, the trial court dismisses a petition without explanation, "we presume the trial court acted for one of the reasons stated in the motion to dismiss." *Id.* "A judgment dismissing a petition will be affirmed if it can be sustained on any ground supported by the motion, regardless of whether the trial court relied on that ground." *Id.*

### Legal Analysis

Ms. Sless argues that the circuit court erred in dismissing her petition because (1) neither an absolute nor a qualified privilege applied and (2) the allegations were sufficient to support a defamation claim. We address the points out of order because a deficient petition eradicates the need for a privilege analysis. *See Jordan v. City of Kansas City,* 972 S.W.2d 319, 324 (Mo.App. W.D.1998) (declining to address whether a privilege applied because defamation was not adequately alleged).

To survive a motion to dismiss, a plaintiff must allege facts that meet the elements "of a recognized cause of action, or of a cause that might be adopted in that case." *Nazeri v. Mo. Valley Coll.,* 860 S.W.2d 303, 306 (Mo. banc 1993). Defamatory statements are written or oral comments that injure someone's reputation by lowering her in the community's view or deterring others from associating or socializing with her. *See Jordan,* 972 S.W.2d at 323–24. Thus, a sufficient pleading for defamation alleges facts for the following elements: "(1) publication, (2) of a defama-

---

**2.** Respondents also claimed that the use of a grant of an order of protection to substantiate the invasion/harassment claim was improper. The dismissal of this claim is not an issue on appeal.

**3.** A transcript of the hearing was not provided to the trial court.

tory statement, (3) which identifies the plaintiff, (4) that is false, (5) that is published with the requisite degree of fault, and (6) damages the plaintiff's reputation." *Sterling*, 113 S.W.3d at 281.

In their motion to dismiss, Respondents argued that the petition was insufficient because Ms. Sless's alleged damages did not demonstrate actual damages, and relied on *Kenney v. Wal–Mart Stores, Inc.*, 100 S.W.3d 809 (Mo. banc 2003) for support. In her petition, Ms. Sless alleged that she was damaged from Respondents' actions because:

> a .... her peace was disturbed and she suffered anxiety and fright; b .... she suffered humiliation, embarrassment, the loss of enjoyment of life and harm to her status and reputation in her community by having allegations of the nature made against her within her community; c .... a member of her church was present in the courtroom and as a result has suffered stress, anxiety and diminution of the enjoyment of life based upon the concern that someone might consider any of said allegations true; d .... the statements [ ] were made without just cause or excuse and for no purpose other than to gain an advantage in litigation and/or harm Plaintiff's reputation in her community."

In *Kenney*, the Missouri Supreme Court held that plaintiffs must offer more than conclusory testimony that their reputation was injured to satisfy their burden of proof of actual reputational injury. 100 S.W.3d at 817. However, a motion to dismiss does not test whether plaintiffs can meet their burden of proof. *See Nazeri*, 860 S.W.2d at 314. Because Ms. Sless alleged that her reputation in the community was damaged, she sufficiently pleaded damages for her defamation action. The trial court erred to the extent it dismissed the petition on this ground. Ms. Sless's second point is granted.

Having determined that the pleading was sufficient, we now address whether the alleged defamatory statements were absolutely privileged. Defamatory statements made during judicial proceedings pertinent to the proceedings are absolutely privileged, even if made maliciously. *See Wright v. Truman Rd. Enters., Inc.*, 443 S.W.2d 13, 16 (Mo.App. 1969). However, statements that are impertinent receive only a conditional or qualified privilege; such statements are not protected if made maliciously, without a reasonable belief as to their pertinence. *See Hyde v. McCabe*, 100 Mo. 412, 13 S.W. 875, 877 (1890); *see also Murphy v. A.A. Mathews, a Div. of CRS Group Eng'rs, Inc.*, 841 S.W.2d 671, 676 (Mo. banc 1992). Statements that are absolutely privileged are not actionable as a matter of law. *See Wright*, 443 S.W.2d at 15 (finding plaintiff's petition failed to plead a cause of action because he alleged that the slanderous statements were made by a defendant as a witness in response to pertinent questions from counsel); *see also Wunsch v. Sun Life Assurance Co. of Can.*, 92 S.W.3d 146, 156 (Mo.App. W.D.2002) (finding defendant entitled to judgment as a matter of law on motion for summary judgment because its slanderous statements as quoted by the plaintiff were explanations to the court for its cause of action). Whether statements are pertinent to the judicial proceeding is a question of law. *Jones v. Brownlee*, 161 Mo. 258, 61 S.W. 795, 797 (1901); *see also Hyde*, 13 S.W. at 877. We thus provide no deference to the circuit court in its application of the privilege.

As Respondents argued in their motion to dismiss, the judicial proceeding privilege, also known as witness immunity, may constitute a ground to dismiss a cause of action. *See Hager v. Ma-*

*jor,* 353 Mo. 1166, 186 S.W.2d 564, 569 (1945) (finding demurrer [4] proper because defamatory comments within affidavit were pertinent to a lawsuit between a plaintiff and a third party). However, for the judicial proceeding privilege to support dismissal of a defamation action, the allegations within the plaintiff's petition must conclusively establish entitlement to the affirmative defense. *See Richardson v. City of St. Louis,* 293 S.W.3d 133, 139 (Mo.App. E.D.2009) (stating a plaintiff's petition can establish a defendant's affirmative defense and support dismissal of plaintiff's claim). Witnesses are only immune from liability, as a matter of law, with regard to pertinent statements made during a judicial proceeding. *Wunsch,* 92 S.W.3d at 156. Consequently, to dismiss on the privilege basis, the pertinence must be conclusively demonstrated in the petition.

■■■ Ms. Sless argues that the following statements were facially impertinent to the order of protection hearing: she was a prostitute, she committed adultery, and her children were taken from her by the Division of Family Services. Respondents argued to the trial court that the privilege applied to these statements because witness credibility was relevant to determining the necessity for an order of protection and the statements were made to attack her credibility.

■■■ Relevance or pertinence, as applied to the privilege, means that the statement is "fairly relevant to the issue, or responsive to some fact apparently bearing on the issue to which it is directed." *Hyde,* 13 S.W. at 876. A witness's credibility is a relevant issue in a protection order hearing because the Adult Abuse Act requires the trial court to determine "the credibility of the potential for violence based ... on [the parties'] demeanor ... [and] on past incidents of abuse or threatened abuse." *Brown v. Yettaw,* 116 S.W.3d 733, 736 (Mo.App. S.D. 2003). However, statements that Ms. Sless engaged in prostitution, committed adultery, and had her children taken by the Division were not, by themselves, fairly relevant to the issue of whether Ms. Sless had the potential for violence. Notwithstanding, we cannot conclude that those statements were impertinent and, thus, not absolutely privileged.

As stated earlier, a statement is pertinent if it is "responsive to some fact apparently bearing on the issue to which it is directed." *Hyde,* 13 S.W. at 876. Pertinence is thus not limited to the dispositive issue of the case; a statement may relate to any issue raised by the case. In fact, "[t]he matter to which the [judicial proceeding] privilege does not extend must be so palpably wanting in relation to the subject matter that no reasonable man can doubt its irrelevancy." *See Li v. Metro. Life Ins., Co.,* 955 S.W.2d 799, 804 (Mo. App.E.D.1997) (internal quotation marks and citation omitted); *see also Restatement (Second) of Torts* § 588 cmt c. (1977). Consequently, courts have consistently determined pertinence based on the context in which the defamatory statements were made. *See, e.g., Li,* 955 S.W.2d at 804; *Hager,* 186 S.W.2d at 565, 568; *Hyde,* 13 S.W. at 876.

The nature of protection order hearings, in which parties represent themselves, requires the court to question the parties about underlying issues beyond the parties' allegations to determine whether an order of protection is warranted. *See*

---

4. A failure to state a claim performs the same function that a demurrer performed before it was abolished. *Inman v. Reorganized Sch.*

*Dist. No. II of Hayti,* 814 S.W.2d 671, 672–73 (Mo.App. S.D.1991).

*Brown,* 116 S.W.3d at 736 ("A trial [court] may elicit testimony from witnesses … and in all proper ways may develop pertinent evidence not adduced by the parties themselves.") (internal quotation marks and citation omitted). Because the trial court has this role, we cannot foreclose the possibility that the alleged defamatory statements were made in response to judicial questioning and, thus, would be pertinent to the underlying proceeding although not bearing upon the dispositive issue.

Because Ms. Sless's petition does not provide the context in which each statement was made, neither pertinence nor impertinence was conclusively established. Consequently, the petition did not establish Respondents' entitlement to the affirmative defense of the judicial proceeding privilege. Thus, the trial court erred in dismissing the defamation action on this basis. Ms. Sless's first point is granted.

### Conclusion

Therefore, we reverse and remand for proceedings consistent with this opinion.[5]

PFEIFFER, P.J., and AHUJA, J. concur.

---

5. Respondents' motion to dismiss was previously taken with the case. It is now denied.